**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Thomas CONDON, Defendant–Appellant.**

No. 97–3378.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 19, 1999.

Decided March 9, 1999.

688

Helene B. Greenwald (argued), Office of the United States Attorney, Criminal Division, Cheryl Bell, Office of the United States Attorney, Criminal Appellate Division, Chicago, IL, for Plaintiff–Appellee.

Howard B. Levy (argued), Chicago, IL, for Defendant–Appellant.

Before EASTERBROOK, KANNE, and EVANS, Circuit Judges.

EASTERBROOK, Circuit Judge.

Convicted of conspiracy to defraud the Internal Revenue Service by skimming cash from a chain of martial arts schools, Thomas Condon raises a number of arguments on appeal. The only one worth discussing in a published opinion is his contention that 18 U.S.C. § 201(c)(2), forecloses testimony from witnesses who were promised immunity from prosecution (or lower sentences) in exchange for their cooperation. Other of Condon's contentions, and all arguments presented by his co-defendants, are addressed in an un-published order issued contemporaneously with this opinion.

Ever since *United States v. Singleton*, 144 F.3d 1343 (10th Cir.1998), defendants throughout the nation have been arguing that § 201(c)(2) forbids receipt of testimony by witnesses who stand to gain via immunity or lower sentences. Section 201(c)(2) provides that "[w]hoever ... directly or indirectly, gives, offers, or promises anything of value to any person, for or because of the testimony under oath or affirmation given or to be given by such person as a witness upon a trial, hearing, or other proceeding, before any court, any committee of either House or both Houses of Congress, or any agency, commission, or officer authorized by the laws of the United States to hear evidence or take testimony, or for or because of such person's absence therefrom ... shall be fined under this title or imprisoned for not more than two years, or both." The panel in *Singleton* thought that immunity or a lower sentence is a "thing of value" given in exchange for testimony, a swap that it deemed an unambiguous violation of the statute—and for which it deemed exclusion of testimony the appropriate response.

Long before *Singleton* we held, in an opinion the tenth circuit did not mention, that 18 U.S.C. § 201(h), the predecessor to § 201(c)(2), does not require the exclusion of evidence obtained by a promise of immunity. *United States v. Barrett*, 505 F.2d 1091, 1100–03 (7th Cir.1974). Now the tenth circuit *en banc* has come to agree with *Barrett*, see *United States v. Singleton*, 165 F.3d 1297 (10th Cir.1999) (en banc), and five other circuits are in accord with that *en banc* ruling. *United States v. Haese*, 162 F.3d 359, 366–68 (5th Cir.1998); *United States v. Ware*, 161 F.3d 414, 418–25 (6th Cir.1998); *United States v. Johnson*, 169 F.3d 1092 (8th Cir. 1999); *United States v. Lowery*, 166 F.3d 1119 (11th Cir.1999); *United States v. Ramsey*, 165 F.3d 980 (D.C.Cir.1999). No other circuit—indeed, no other circuit judge—has subscribed to the view adopted by the *Singleton* panel. We adhere to the position adopted in *Barrett*, and thus to what is now

the unanimous view of the six other circuits that have addressed this contention in published opinions.

Section 201(c)(2) is a criminal statute, not a private right of action or a rule of evidence. It provides specific consequences: fines and imprisonment. Exclusion of evidence would not be an appropriate additional consequence. *United States v. Caceres,* 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979), held that exclusion is appropriate only when the Constitution or a statute requires that step. See also Fed.R.Evid. 402: "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." But even if § 201(c)(2) were an exclusionary rule, it would not assist Condon because it has not been violated.

Forgoing criminal prosecution (or securing a lower sentence) is not a "thing of value" within the meaning of § 201(c)(2). Economists equate gains received with loss avoided. A cash payment of $100, and avoiding a fine of $100, come to the same thing. But Congress did not use "thing of value" in this mirror-image sense. All of § 201 speaks of valuable things "received" by the person whose conduct is to be influenced. Although cancellation of a private debt could be a "thing of value" in the statutory sense, payment of a "debt to society" by providing testimony is a different animal altogether: treating immunity from prosecution (or a prosecutorial promise that would lead to a lower sentence) as a "thing of value" would put § 201(c)(2) at war with a long history of lawful inducements to testify, see *The Whiskey Cases,* 99 U.S. 594, 25 L.Ed. 399 (1878)— inducements that have been codified. The Organized Crime Control Act of 1970 permits prosecutors to obtain judicial orders requiring witnesses to testify in exchange for grants of immunity from prosecution or, more commonly, immunity from the use of their testimony. 18 U.S.C. §§ 6001–05. That statute would be pointless if the immunized testimony violated § 201(c)(2). The *Sin-gleton* panel distinguished formal immunity under this statute from informal immunity— that is, testimony given in exchange for a contractual promise to withhold prosecution—but the distinction is not meaningful for purposes of the question whether the immunity is a "thing of value" received for the testimony. See *Barrett,* 505 F.2d at 1101–02. Cf. *United States v. Turner,* 864 F.2d 1394 (7th Cir.1989); *United States v. Murphy,* 768 F.2d 1518, 1532 (7th Cir.1985). Many other statutes affirm, or suppose, the propriety of both formal and informal immunity. The Witness Relocation and Protection Act, 18 U.S.C. §§ 3521–28, specifies benefits that may be provided to witnesses. Two parts of the Sentencing Reform Act of 1984 permit courts and the Sentencing Commission to reward (through lower sentences) assistance that leads to the conviction of third parties, see 18 U.S.C. § 3553(e), 28 U.S.C. § 994(n). Two of the criminal rules provide for the administration of this system. Fed.R.Crim.P. 11 and 35(b). See also U.S.S.G. § 5K1.1 (providing a sentencing reduction in return for certain testimony). A court should not read ambiguous language to overturn an enduring system that has statutory support elsewhere. Ambiguity should be resolved to permit all of the statutes to function, if that is possible; and it is possible.

Because a promise not to prosecute a witness (or to secure a lower sentence for the witness) is not a "thing of value" under § 201(c)(2), it is unnecessary to consider a possibility that some other courts have embraced: that "whoever" in § 201 does not include federal prosecutors. That approach, if taken seriously, would permit prosecutors to pay cash for favorable testimony, a practice that lacks the statutory and historical support of immunity and sentence reduction. *Nardone v. United States,* 302 U.S. 379, 383–84, 58 S.Ct. 275, 82 L.Ed. 314 (1937), holds that a generic reference to "whoever" or "any person" includes agents of the United States unless application of a statute would "deprive the sovereign of a recognized or established prerogative title or interest" or "a reading which [includes the government] would work obvious absurdity". This cautions against using § 201(c)(2) to override other statutes but does not imply that

§ 201(c)(2) is inapplicable even when the federal agent supplies an unapproved testimonial inducement. Then there is 1 U.S.C. § 1, which defines "whoever" to include "individuals," a category that comprises federal prosecutors. *Rowland v. California Men's Colony Advisory Council*, 506 U.S. 194, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993), serves as a reminder that the clause preceding the list of definitions in § 1—"unless the context indicates otherwise"—must not be used promiscuously. The text of § 201(c)(2), which supplies the "context" under *Rowland*, does not demonstrate that criminal prosecutors are excluded. Some promises may be outside the statute on the rationale of *Nardone*, reinforced by the understanding that *authorized* acts of federal agents, in the ordinary course of their duties, are not criminal. Thus an agent of the DEA may buy drugs, and an FBI agent may set up a fence as part of a "sting," without being subject to criminal prosecution. Likewise an Assistant United States Attorney might take advantage of this principle if the inducement to testify were properly authorized and disclosed to the defense under *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

■ Condon relies on Rule 3.3(a)(15) of the Rules of Professional Conduct promulgated by the Northern District of Illinois. This rule, which tracks Disciplinary Rule 7–109(C) of the ABA's old Model Code of Professional Responsibility, provides that when

> appearing in a professional capacity before a tribunal, a lawyer shall not . . . pay, offer to pay, or acquiesce in the payment of compensation to a witness contingent upon the content of the witness' testimony or the outcome of the case, but a lawyer may advance, guarantee, or acquiesce in the payment of expenses reasonably incurred in attending or testifying, and a reasonable fee for the professional services of an expert witness.

The ABA and many states have replaced the Code with the Model Rules of Professional Conduct, which say only that a lawyer shall not "offer an inducement to a witness that is prohibited by law". Rule 3.4(b). But the Northern District of Illinois crafted a unique set of requirements, blending the Code, the

Rules, and ideas of the district court's devising.

Like the eleventh circuit in *Lowery*, we doubt that a local rule can require the exclusion of evidence. Rule 402 of the Federal Rules of Evidence, which we have already mentioned, says that relevant evidence is admissible except as provided in the Constitution, acts of Congress, or "rules prescribed by the Supreme Court pursuant to statutory authority." This implies that *local* rules may not require exclusion. *Lowery*, 166 F.3d 1119, 1125. See also *Baylson v. Disciplinary Board*, 975 F.2d 102 (3d Cir.1992). A rider to an appropriations act at the close of the last Congress requires federal prosecutors to follow local rules. Section 801(a) of the Omnibus Consolidated and Emergency Supplemental Appropriations Act, Pub.L. 105–277, 112 Stat. 2681 (1998), to be codified at 28 U.S.C. § 530B: "An attorney for the Government shall be subject to State laws and rules, and local Federal court rules, governing attorneys in each State where such attorney engages in that attorney's duties, to the same extent and in the same manner as other attorneys in that State." But this does not take effect until April 21, 1999, and is in any event a rule of conduct, not a rule of evidence.

What is more, Local Rule 3.3(a)(15) does not have the effect Condon attributes to it. It refers to "pay" and "compensation"; what we have said about "thing of value" in § 201(c)(2) is equally applicable to this language. The Northern District of Illinois did not purport to override 18 U.S.C. §§ 3521–28, 3553(e), and 6001–05; 28 U.S.C. § 994(n); Fed.R.Crim.P. 11 and 35(b); and U.S.S.G. § 5K1.1, in such an indirect way (nor would the district court be authorized to do so). None of the judges in the Northern District of Illinois has suggested that the local rule interferes with the established practice of withholding the prosecution of, or giving lower sentences to, witnesses who assist prosecutors. To the contrary, all of the judges in the Northern District of Illinois have participated in that practice by reducing sentences at prosecutors' behest to reward testimonial assistance. If a district court wants to wipe out an enduring feature of the criminal jus-

tice system, it must address the subject more directly than the Northern District of Illinois did by promulgating Rule 3.3(a)(15).

AFFIRMED.