**UNITED STATES of America**

v.

**Frank CLAY.**

**No. 97 C 751.**

United States District Court,
N.D. Illinois,
Eastern Division.

June 1, 1999.

Matthew Robert Bettenhausen, U.S. Atty's Office, Chicago, IL, for U.S.

Frank Clay, Chicago, IL, pro se.

*MEMORANDUM OPINION
AND ORDER*

MAROVICH, District Judge.

Defendant Frank Clay ("Clay"), a federal prisoner, has filed a *pro se* petition for a writ of error coram nobis pursuant to 28 U.S.C. § 1651. Clay claims that his conviction should be overturned because several participants in his criminal activities testified at his trial pursuant to cooperation agreements with the Government in violation of 18 U.S.C. § 201(c)(2). For the following reasons, Clay's petition is denied.

*BACKGROUND*

On February 16, 1995, Clay was indicted, along with three co-defendants on thirteen counts of mail fraud in violation of 18 U.S.C. § 1341, three counts of bank fraud in violation of 18 U.S.C. § 1344, one count of making a false statement to a bank in violation of 18 U.S.C. § 1014 and three counts of using a false social security number in violation of 42 U.S.C. § 408(a)(7)(B). All of these crimes took place in Illinois, and were similar to another series of crimes committed by Clay in Wisconsin.[1]

On August 17, 1995, following a three-day bench trial, this Court found Clay guilty of nine counts of mail fraud, three counts of bank fraud, one count of making a false statement to a bank and three counts of using a false social security number. Clay was sentenced to 68 months in prison, with a credit of 20 months time served for his prior federal conviction in the Eastern District of Wisconsin. Clay is currently serving his sentence at the Federal Prison Camp in Florence, Colorado.

On April 12, 1996, following his sentencing, Clay filed a 2255 motion with this Court, asserting three grounds for collateral relief: (1) ineffective assistance of counsel; (2) selective and vindictive prosecution; and (3) lack of jurisdiction. On July 30, 1996, this Court dismissed that motion on procedural grounds—namely, that Clay's § 2255 motion was premature because his direct appeal to the Seventh Circuit still was pending. *See United States v. Clay,* 1996 WL 435102 (N.D.Ill. July 31, 1996).

In his appeal to the Seventh Circuit, Clay raised four instances of error involving this Court's application of the sentencing guidelines. The Seventh Circuit rejected Clay's arguments and affirmed the Court's sentence on September 26, 1996. *See United States v. Clay,* 97 F.3d 1454 (7th Cir.1996). None of the issues raised in Clay's original § 2255 motion were argued to or addressed by the Seventh Circuit.

On February 3, 1997, Clay refiled his § 2255 motion before the Court, raising the same issues that were in his original motion.[2] This Court rejected each of those three claims. *Clay v. U.S.,* 1997 WL 573402 (N.D.Ill. Sept.11, 1997).

On December 28, 1998, Clay filed the present petition for a writ of coram nobis, claiming that his conviction should be overturned because it was obtained in violation of 18 U.S.C. § 201(c)(2). As discussed below, it is clear that Clay is not entitled to any relief on his current petition.

1. Clay was charged and convicted of similar offenses in federal court in Wisconsin.

2. Responding to Clay's refiling, the government initially argued that because Clay failed to obtain certification from the Seventh Circuit, his refiled § 2255 petition was barred as a second or successive motion under the recently enacted Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255. This Court rejected that argument and held that Clay's § 2255 motion could not be considered a second or successive petition pursuant to the AEDPA, but, rather, was merely the second stage in Clay's single attempt to receive meaningful collateral review. *See Camarano v. Irvin,* 98 F.3d 44, 46 (2d Cir.1996); *see also Benton v. Washington,* 106 F.3d 162, 164 (7th Cir.1996). Accordingly, the government was directed to, and did, file a supplemental response addressing the merits of Clay's § 2255 motion.

**1022**

## DISCUSSION

### I. Clay Is Not Entitled To A Writ of Coram Nobis

■ Initially, the Court notes that the writ of coram nobis is not an appropriate vehicle for Clay to seek relief. The All Writs section of the Judicial Code, 28 U.S.C. § 1651(a), authorizes the issuance of writs of coram nobis. The writ is an extraordinary remedy and is allowed only under extraordinary circumstances. *See United States v. Morgan,* 346 U.S. 502, 511, 74 S.Ct. 247, 98 L.Ed. 248 (1954). It will not be granted unless a petitioner can show that he or she suffers from a lingering civil disability from his allegedly wrongful conviction. *See United States v. Craig,* 907 F.2d 653, 657 (7th Cir.1990); *United States v. Keane,* 852 F.2d 199, 203 (7th Cir.1988) (loss of occupational license, loss of right to vote, loss of right to bear arms are the types of lingering civil disabilities that could support issuance of writ of coram nobis). Moreover, the Seventh Circuit has held "contemporary coram nobis matters only after custody expires." *United States v. Bush,* 888 F.2d 1145, 1147 (7th Cir.1989); *see also Craig,* 907 F.2d at 656 ("Coram nobis petitions are brought only after a convicted defendant's release from federal custody.").

Here, it appears that Clay fails to understand the writ. Clay has not even alleged (much less demonstrated) that he has endured a lingering civil disability owing to his conviction. Moreover, Clay is still in federal custody at Federal Prison Camp in Florence, Colorado. (*See* Pet. at 1–2.) In this case, the proper method for Clay, a federal prisoner, to pursue the relief he seeks on the ground on which he seeks it is by moving for relief under 28 U.S.C. § 2255. Nevertheless, because he is a *pro se* prisoner, this Court reviews Clay's request for relief as if it were styled, as it should be, as a § 2255 petition. *See McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) (*pro se* prisoner pleadings are to be construed liberally).

### II. This Court Has No Jurisdiction Over Clay's Petition

■ Section 2255, as amended by the AEDPA, provides:

A second or successive motion must be certified as provided in section 244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(4). Leave to file a second or successive § 2255 motion must be obtained from the Court of Appeals; the district court lacks authority to rule on that issue. *Felker v. Turpin,* 518 U.S. 651, 657, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). "No matter how powerful a petitioner's showing, only [the Seventh Circuit] may authorize the commencement of a second or successive petition.... From the district court's perspective, it is an allocation of subject-matter jurisdiction to the court of appeals." *Nunez v. United States,* 96 F.3d 990, 991 (7th Cir.1996) (internal citations omitted).

■ In this case, Clay, who has already had the opportunity to collaterally attack his sentence and/or conviction through a § 2255 petition, has presented the present § 2255 petition directly to this Court, without obtaining the required certification from the Seventh Circuit. Attempting to justify his failure to secure approval from the Seventh Circuit, Clay claims in this petition that (1) § 2255 is an adequate remedy for his claim and (2) that coram nobis and 28 U.S.C. § 2241 petitions are not subject to the § 2255 gatekeeping functions. (*See* Pet. at 1–2.) These rea-

sons do not excuse his maneuver around the Seventh Circuit.

First, "[f]ailure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or effective." *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir.1996). Second, even assuming that Clay was trying to file a § 2241 habeas corpus petition (although he has not expressly done so), he would be unable to do it in this Court because such petitions must be filed where the defendant is incarcerated—here, in Colorado—, not were he was sentenced. *See, e.g., In re Davenport,* 147 F.3d 605, 608–09 (7th Cir.1998); *United States v. Ford,* 627 F.2d 807, 813 (7th Cir.1980).[3] Therefore, because Clay has filed a second or successive § 2255 petition without the required approval from the Seventh Circuit, his petition must be dismissed for lack of jurisdiction.

### III. Clay's Claim Fails On The Merits

■ Finally, even if this Court had jurisdiction to review Clay's claim, his petition still would be denied. Clay claims, relying on *United States v. Singleton,* 144 F.3d 1343 (10th Cir.1998), that his conviction should be reversed because the government violated 18 U.S.C. § 201(c)(2)[4] by promising leniency and/or immunity to several witness in exchange for their testimony at his trial. However, not only was the *Singleton* opinion Clay relies quickly vacated, *see id.* at 1361, and then reversed, *see United States v. Singleton,* 165 F.3d 1297 (10th Cir.1999), the Seventh Circuit recently has expressly rejected the Tenth Circuit's first *Singleton* opinion and reiter-

ated its long-standing view that the bribery statute has no bearing on codefendants and witnesses who testify in exchange for some leniency to be provided by the government, *see United States v. Condon,* 170 F.3d 687 (7th Cir.), *cert. denied,* —— U.S.——, 119 S.Ct. 1784, 143 L.Ed.2d 812[5] Thus, even on the merits, Clay's petition is frivolous and must be denied.

### CONCLUSION

For the reasons set forth above, this Court denies Clay's petition.

---

**3.** Moreover, although the Seventh Circuit held in *Davenport,* that federal prisoners can file a § 2241 habeas corpus petition if there has been a change in the law since the prisoner's first § 2255 motion, Clay's present petition does not assert such a claim. *See* 147 F.3d 605.

**4.** Section 201(c)(2) provides, in part, that "[w]hoever ... directly or indirectly, gives, offers, or promises anything of value to any person, for or because of the testimony under oath or affirmation given or to be given by

such person as a witness upon a trial ... shall be fined under this title or imprisoned for not more than two years, or both."

**5.** The Seventh Circuit held that § 201(c)(2) "is a criminal statute, not a private right of action or a rule of evidence.... But even if § 201(c)(2) were an exclusionary rule, ... [f]oregoing criminal prosecution (or securing a lower sentence) is not a 'thing of value' within the meaning of § 201(c)(2)." *Condon,* 170 F.3d at 689.