No. 85,096

STATE OF KANSAS, *Appellee*, v. ANTHONY L. DAVIS, *Appellant*.

(26 P.3d 681)

Opinion filed July 13, 2001.

*Steven R. Zinn*, deputy appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with him on the brief for appellant. The appellant was on a supplemental brief pro se.

*Richard A. Olmstead*, assistant district attorney, argued the cause, and *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: Anthony L. Davis appeals from the district court's summary denial of his motion to correct an illegal sentence which the court treated as a K.S.A. 60-1507 motion alleging ineffective

assistance of counsel. Davis argues that the failure of his attorney to attempt to suppress the testimony of Davis' girlfriend, Rose Thomas, constituted ineffective assistance of counsel because Thomas entered into an agreement with the State to testify in exchange for immunity from prosecution.

The pertinent underlying facts in this case can be found in *State v. Davis*, 247 Kan. 566, 802 P.2d 541 (1990). Briefly stated, they are as follows: Davis was convicted of first-degree felony murder, aggravated robbery, and aggravated arson in the death of his great-grandfather, Willie Bryant. The key witness for the State was Thomas, and it is her testimony that forms the basis for this appeal.

Thomas testified that she accompanied Davis to visit Bryant to show Bryant their new-born child. Thomas testified that she and Davis used cocaine before going to see Bryant, and when they arrived Davis asked Bryant for some money to buy milk and diapers for the baby. Thomas testified that when Bryant gave them $10, she and Davis noticed that Bryant's wallet contained a large sum of money.

While they were leaving Bryant's house, Davis stole a gun. Thomas and Davis then went to a drug house where Davis traded the stolen gun and the money for cocaine. After using the cocaine, they returned to Bryant's house to ask for more money. When Bryant refused, Davis went into the bathroom and returned with a can of paint. Davis hit Bryant with the can of paint. Davis then picked Bryant up and placed him on the couch, saying that he was sorry. However, he then struck Bryant repeatedly with a tire jack.

Thomas testified that Davis then went into the kitchen, got a paper bag, and started several fires. Thomas stated that she suggested to Davis that they should burn the house and gave a burning bag to him. Davis set more fires around the house. Thomas testified that as they were leaving the house, Davis told her to get Bryant's money from the floor where it had fallen. Thomas testified that as they left, she saw Bryant on the floor trying to get up. Bryant died as the result of smoke inhalation and carbon monoxide asphyxiation from the fire.

We affirmed Davis' convictions.

On February 11, 1999, Davis filed what he classified as a motion to correct an illegal sentence pursuant to K.S.A. 22-3504(1). He contended that his sentence was illegal because his counsel was ineffective for failing to file a motion to suppress Thomas' testimony, which he claimed was obtained illegally in violation of Kansas Rule of Professional Conduct (KRPC) 3.4(b) (2000 Kan. Ct. R. Annot. 389) and K.S.A. 21-3807(a)(1), compounding a crime. He also contended that his counsel had failed to engage in any pretrial discovery which would have suggested that a suppression motion would be applicable. Davis' theory with regard to KRPC 3.4(b) and K.S.A. 21-3807 was that the State had violated the rule and the statute in presenting Thomas' testimony because the State secured the testimony by promising not to prosecute Thomas. Davis later amended his motion to make clear that he was contending that Thomas, rather than the State, violated K.S.A. 21-3807 in accepting immunity.

The district court summarily denied Davis' motion. The court found that Davis' motion should be classified as one alleging ineffective assistance of counsel. The court then went on to find that the State did not violate K.S.A. 21-3807 or KRPC 3.4(b). The court further found that a violation of K.S.A. 21-3807 would not require suppression in any event and, therefore, there was no ineffective assistance of counsel in failing to file a motion for suppression.

The question at issue in this case is whether the district court erred in summarily denying Davis' motion without the appointment of counsel or a hearing. Although Davis couched his arguments in terms of a motion to correct an illegal sentence, his arguments were actually pertaining to the ineffectiveness of his trial counsel. This makes little difference as both are treated in the same manner. See *State v. Duke*, 263 Kan. 193, 196, 946 P.2d 1375 (1997). In both cases, the district court is to make a preliminary examination to determine whether substantial questions of law or fact are raised, and if the findings are in the negative, the court may summarily deny the motion. 263 Kan. at 196. The decision concerning whether to hold an evidentiary hearing on a motion to correct an illegal sentence is subject to an abuse of discretion standard. See 263 Kan. at 195.

Davis' claim in this case is that his counsel was ineffective because she did not file a motion to suppress the testimony of Thomas. We have held that before counsel's assistance is determined to be so defective as to require reversal, a defendant must establish that: (1) counsel's performance was deficient, which means counsel made errors so serious that counsel's performance was less than that guaranteed by the Sixth Amendment to the United States Constitution, and (2) the deficient performance prejudiced the defense, which requires a showing of a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *State v. Sperry*, 267 Kan. 287, 297-98, 978 P.2d 933 (1999).

Davis' argument is based on an alleged deal made by Thomas to testify against him in exchange for immunity from prosecution. According to Davis, this deal violated KRPC 3.4(b) and K.S.A. 21-3807(a)(1), and would have required suppression of Thomas' testimony.

KRPC 3.4(b) states that a lawyer shall not "falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law." K.S.A. 21-3807 details the offense of compounding a crime and states in pertinent part:

"(a) Compounding a crime is accepting or agreeing to accept anything of value as consideration for promise: (1) Not to initiate or aid in the prosecution of a person who has committed a crime. . . ."

The problems with Davis' argument are numerous. First, he proffers no evidence that any such deal was actually made. However, it does not matter as even if such a deal were made, Davis' theory does not entitle him to relief.

As the district court found, the State cannot be charged with violating K.S.A. 21-3807, as the State did not accept anything of value as consideration for its promise not to initiate the prosecution of Thomas. Requiring Thomas to testify truthfully cannot be classified as "anything of value." See *U. S. v. Condon*, 170 F.3d 687, 689 (7th Cir. 1999) (holding that "[a]lthough cancellation of a private debt could be a 'thing of value' in the statutory sense, payment of a 'debt to society' by providing testimony is a different animal

altogether"). Further, there is no indication that the statute was intended to prevent the State from offering legitimate plea bargains to witnesses in exchange for testimony. Rather the statute would appear to prohibit the State from receiving a bribe in exchange for forbearing prosecution. There is no allegation that such activity occurred in this case.

Davis' argument that KRPC 3.4(b) should mandate suppression also fails. KRPC 3.4(b) prohibits prosecutors from offering an inducement to witnesses "prohibited by law." As explained above, the offer of immunity in exchange for testimony is not prohibited by law.

Davis' argument that Thomas violated K.S.A. 21-3807 by accepting immunity is without merit. The statute proscribes accepting anything of value "not to initiate or aid in the prosecution." Thus, the person violating the statute is the one who promises not to initiate or aid, not the person who accepts immunity. See K.S.A. 21-3807(a)(1).

We, therefore, hold that a prosecutor's plea bargain with a criminal defendant's accomplice, through which the prosecutor secures the accomplice's testimony against the defendant, does not violate either K.S.A. 21-3807(a)(1) or KRPC 3.4(b). See *Edwards v. Kansas*, 29 Kan. App. 2d 75, 25 P.3d 142 (2001) (reaching the same result). Under the circumstances, there was no basis on which Thomas' testimony could be suppressed and, therefore, Davis' counsel was not ineffective for failing to file a motion to suppress on the issue. The district court did not err in summarily denying Davis' motion.

Davis' appellate counsel argued that Davis' motion to correct an illegal sentence should be liberally construed as a K.S.A. 60-1507 motion based on the ineffective assistance of counsel in failing to cross-examine Thomas with regard to the plea. While the failure of Thomas' counsel to do so might indeed be a good subject for such a motion, it was not the subject of Davis' motion in this case, even construing the motion as liberally as possible.

Affirmed.