NOT DESIGNATED FOR PUBLICATION

No. 121,723

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ANTHONY LEROY DAVIS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed July 31, 2020.
Affirmed.

*Angela M. Davidson*, of Wyatt & Davidson, LLC, of Salina, for appellant, and *Anthony Leroy
Davis*, appellant pro se.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before ARNOLD-BURGER, C.J., BRUNS and SCHROEDER, JJ.

PER CURIAM:  Anthony Leroy Davis appeals the district court's summary dismissal
of his K.S.A. 60-1507 motion. Davis has filed at least seven prior K.S.A. 60-1507
motions challenging his convictions. The district court summarily dismissed Davis' most
recent motion as successive under K.S.A. 2019 Supp. 60-1507(c). Based on our review of
the record on appeal, we find that the motion was both untimely and successive. As a
result, we conclude that the district court did not err in summarily dismissing Davis'
K.S.A. 60-1507 motion. Thus, we affirm.

1

FACTS

In 1989, a jury convicted Davis of felony murder, aggravated arson, and aggravated robbery. The district court sentenced Davis to life in prison. Subsequently, the Kansas Supreme Court affirmed his convictions on appeal. See *State v. Davis*, 247 Kan. 566, 802 P.2d 541 (1990).

In 1994, Davis filed his first K.S.A. 60-1507 motion based on claims of ineffective assistance of counsel and his allegation that the State had knowingly allowed a witness to commit perjury. After an evidentiary hearing, the district court denied his motion. This court affirmed the district court's decision on appeal. See *Davis*, 2017 WL 3668853, at *1 (Kan. App. 2017) (unpublished opinion) (citing *Davis v. State*, No. 75,165, unpublished opinion filed March 7, 1997).

Davis then filed a motion to correct an illegal sentence, which the district court treated as a K.S.A. 60-1507 motion because he had again alleged ineffective assistance of counsel. The district court dismissed the motion without holding an evidentiary hearing. Thereafter, the Kansas Supreme Court affirmed the summary dismissal of the motion. See *Davis v. State*, 271 Kan. 892, 26 P.3d 681 (2001).

In 2001, Davis filed his third K.S.A. 60-1507 motion. Once again, he alleged ineffective assistance of counsel. The district court summarily dismissed the motion as an abuse of remedy. The district court's decision was affirmed on appeal to this court. See *Davis*, 2017 WL 3668853, at *1 (citing *Davis v. State*, No. 88,564, unpublished opinion filed June 20, 2003).

In 2005, Davis filed his fourth K.S.A. 60-1507 motion. In that motion, he alleged that the trial judge had intentionally concealed evidence of his innocence, that defense counsel had helped with this concealment, and that the State had allowed false testimony

2

to be presented at trial. The district court summarily dismissed the motion as untimely and successive. The summary dismissal was later affirmed by this court. See *Davis v. State*, No. 95,179, 2006 WL 3740850, at *3 (Kan. App. 2006) (unpublished opinion).

In 2007, Davis filed his fifth K.S.A. 60-1507 motion. This time Davis alleged manifest injustice based on allegations of a conspiracy to violate his rights. The district court again summarily dismissed the motion as untimely and successive. On appeal, a panel of this court affirmed the district court's decision. *Davis v. State*, No. 99,288, 2009 WL 311817, at *3-4 (Kan. App. 2009) (unpublished opinion).

In January 2015, Davis filed his sixth K.S.A. 60-1507 motion. In that motion, Davis claimed that defense counsel had been ineffective, that the State concealed evidence of his innocence, and that his right to a speedy trial had been violated. Yet again, the district court summarily dismissed the motion as untimely and successive as well on the ground that it was an abuse of remedy. Subsequently, a panel of this court affirmed the summary dismissal. *Davis*, 2017 WL 3668853, at *4.

In June 2017, and prior to this court's decision affirming the summary dismissal of his sixth K.S.A. 60-1507 motion, Davis filed his seventh K.S.A. 60-1507 motion. Over the next couple of months, he filed several other motions. In October 2017, the district court summarily denied each of the motions. Although Davis appealed from the district court's decision, he voluntarily dismissed the appeal.

In 2017 and 2018, Davis continued to file a variety of motions that are not the subject of this appeal. Each time, the district court continued to summarily deny the motions. On January 31, 2019, Davis filed his most recent K.S.A. 60-1507 motion, which is the subject of this appeal. On February 7, 2019, the district court summarily denied Davis' K.S.A. 60-1507 motion as successive. Thereafter, Davis timely appealed to this court.

ANALYSIS

Davis contends that the district court erred in summarily dismissing his most recent K.S.A. 60-1507 motion. In support of this contention, he argues that the district court failed to make adequate findings of fact and conclusions of law as required by Kansas Supreme Court Rule 183(j). (2019 Kan. S. Ct. R. 230.) The primary purpose of Supreme Court Rule 183(j) is to assist appellate courts in conducting meaningful review. *State v. Moncla*, 269 Kan. 61, 65, 4 P.3d 618 (2000). Whether a district court has complied with Rule 183(j) involves a question of law subject to unlimited review. *Sherwood v. State*, 310 Kan. 93, 98-99, 444 P.3d 966 (2019).

At the outset, we note that Davis never asserted below that the order of dismissal contained inadequate findings of fact and conclusions of law. As such, he gave the district court no opportunity to correct any claimed deficiencies or clarify its rulings. See *McIntyre v. State*, 305 Kan. 616, 618, 385 P.3d 930 (2016) (litigants bear the responsibility for objecting to inadequate findings of fact and conclusions of law in order to give the district court the opportunity to correct the inadequacies). As a result, we may presume the district court found all facts necessary to support its judgment. See *State v. Dern*, 303 Kan. 384, 394, 362 P.3d 566 (2015).

Here, we find that the district court's order sets forth a sufficient explanation of its decision to allow us to conduct a meaningful review. In particular, the order makes clear that the district court summarily dismissed Davis' motion because it was successive and constituted an abuse of judicial process. See *State v. Wilson*, 308 Kan. 516, 527, 421 P.3d 742 (2018) (remand for failure to comply with Rule 183[j] is not necessary where it did not impede appellate review of issue). Consequently, we find that the record before us is adequate to review the district court's ruling.

Because Davis was summarily denied relief on his motion, our task now is to determine whether the motion, files, and records of the case conclusively establish that Davis is not entitled to relief. See *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018). In reviewing the record, we presume that one filing a K.S.A. 60-1507 motion has "listed all grounds for relief, and a subsequent motion need not be considered in the absence of a showing of circumstances justifying the original failure to list a ground." *State v. Trotter*, 296 Kan. 898, Syl. ¶ 2, 295 P.3d 1039 (2013).

A review of the record reveals that Davis has filed at least seven prior motions for relief under K.S.A. 60-1507. A district court need not entertain a second or successive motion for similar relief on behalf of the same prisoner. *Beauclair*, 308 Kan. at 304 (citing K.S.A. 60-1507[c]). Likewise, a district court may dismiss a successive K.S.A. 60-1507 motion as an abuse of the remedy. To prevent dismissal of a successive motion, a movant must establish exceptional circumstances. 308 Kan. at 304. Here, Davis fails to allege any exceptional circumstances that would excuse his successive filing.

Exceptional circumstances are unusual events or intervening changes in the law that prevented the defendant from raising the issue in a preceding 60-1507 motion. 308 Kan. at 304. In his motion, Davis fails to provide any unusual events or intervening changes in the law as an excuse for why he could not have raised his current claims in his numerous prior motions. In fact, it appears that all of the issues raised by Davis in the current motion have been previously raised in one or more of his prior motions. A review of the record confirms that these claims are all successive.

Because our review is de novo, we also note that the record reveals that Davis' most recent K.S.A. 60-1507 motion was untimely filed. Generally, a defendant has one year from when a conviction becomes final to file a motion under K.S.A. 60-1507(a). K.S.A. 2019 Supp. 60-1507(f)(1). However, individuals who had claims preexisting the 2003 statutory amendment had until June 30, 2004, to file a timely K.S.A. 60-1507

5

motion. *Pabst v. State*, 287 Kan. 1, 22, 192 P.3d 630 (2008). Hence, Davis had until June 30, 2005, to file his K.S.A. 60-1507 motion.

Notwithstanding, courts may extend the time limitation for bringing a K.S.A. 60-1507 motion to prevent a manifest injustice. K.S.A. 2019 Supp. 60-1507(f)(2). As K.S.A. 2019 Supp. 60-1507(f)(2)(A) states, for the purposes of determining whether manifest injustice exists in a particular case, courts are "limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." Courts are to dismiss a motion as untimely filed if, after inspection of the motion, files, and records of the case, the court determines that the time limitations have been exceeded and that dismissing the motion would not equate with manifest injustice. K.S.A. 2019 Supp. 60-1507(f)(3).

In summary, Davis' motion was not timely filed and he makes no attempt to establish the manifest injustice necessary to be excused from the time requirement set by the Kansas Legislature. Similarly, Davis' motion raises issues that either have been or could have been presented in one of his many prior K.S.A. 60-1507 motions, and he has failed to establish exceptional circumstances to justify the filing of a successive motion. Accordingly, we conclude that the district court did not err in summarily dismissing his most recent K.S.A. 60-1507 motion, and we affirm its decision.

Affirmed.