NOT DESIGNATED FOR PUBLICATION

No. 122,090

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ANTHONY L. DAVIS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed January 22, 2021. Affirmed.

*Angela M. Davidson*, of Wyatt & Davidson, LLC, of Salina, for appellant, and *Anthony L. Davis*, appellant pro se.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., GREEN and ATCHESON, JJ.

PER CURIAM: Anthony L. Davis—an inmate at the Hutchinson Correctional Facility—appeals the district court's summary dismissal of his most recent K.S.A. 60-1507 motion to make its way to this court. On appeal, Davis contends that the district court failed to make sufficient findings of fact and conclusions of law as required by Kansas Supreme Court Rule 183(j) (2020 Kan. S. Ct. R. 223). Moreover, Davis contends that the district court erred in summarily dismissing his K.S.A. 60-1507 motion. Based on

1

our review of the record, we do not find Davis' arguments to be persuasive. Thus, we affirm the district court's summary denial of his K.S.A. 60-1507 motion.

FACTS

On March 2, 1989, a Sedgwick County jury convicted Davis of murder in the first degree, aggravated robbery, and aggravated arson. The district court subsequently sentenced Davis to life plus twenty-five years in prison. On December 7, 1990, the Kansas Supreme Court affirmed and summarized the underlying facts leading to Davis' convictions. *State v. Davis*, 247 Kan. 566, 567-68, 575, 802 P.2d 541 (1990).

Since a mandate was issued in his direct appeal, Davis has filed numerous motions challenging his convictions as well as his sentence. Based on a review of the record, it appears that Davis has previously filed at least seven unsuccessful K.S.A. 60-1507 motions over the past 30 years. See *Davis v. State*, No. 121,723, 2020 WL 4380972 (Kan. App. 2020) (unpublished opinion) (summarizing the history of Davis' prior K.S.A. 60-1507 motions). On June 18, 2018, Davis filed the K.S.A. 60-1507 motion that is the subject of this appeal.

On June 27, 2018, Judge James R. Fleetwood summarily dismissed the K.S.A. 60-1507 motion currently on appeal. In doing so, Judge Fleetwood found that Davis had previously filed numerous K.S.A. 60-1507 motions, "all of which were denied and affirmed on appeal or appeal was not pursued." In addition, Judge Fleetwood found that Davis' motion is "repetitive" or successive. Accordingly, Davis' motion was "dismissed without further Consideration." Thereafter, Davis timely appealed to this court.

After Davis' counsel filed a brief on his behalf, Davis moved to file a pro se supplemental brief. On June 4, 2020, we granted his motion and his supplemental brief was filed instanter. As such, in reviewing the issues presented on appeal, we have not

2

only taken into consideration the briefs filed by counsel but also the supplemental brief filed by Davis.

ANALYSIS

At the outset, Davis contends that the district court did not make adequate findings of fact and conclusions of law regarding its reasons for summarily dismissing his K.S.A. 60-1507 motion. In support of this contention, Davis cites Kansas Supreme Court Rule 183(j) (2020 Kan. S. Ct. R. 225), which provides that in deciding K.S.A. 60-1507 motions, "[t]he court must make findings of fact and conclusions of law on all issues presented." See *State v. Moncla*, 269 Kan. 61, 65, 4 P.3d 618 (2000). "Whether the district judge complied with Rule 183(j) involves a question of law reviewable de novo." *Robertson v. State*, 288 Kan. 217, 232, 201 P.3d 691 (2009).

The primary purpose of Kansas Supreme Court Rule 183(j) is to assist appellate courts in conducting meaningful review. *Moncla*, 269 Kan. at 65. Accordingly, the relevant inquiry is whether the district court made sufficient findings and conclusions upon which we can adequately perform our duties as an appellate court. See *Robertson*, 288 Kan. at 232-33. Although Judge Fleetwood's ruling was short and concise, we find it to be sufficient in order to allow us to conduct a meaning review of the issues presented on appeal.

From a review of Judge Fleetwood's order, we can determine that the district court found summary dismissal to be appropriate because it found Davis' latest K.S.A. 60-1507 motion to be "repetitive" based on his numerous previous filings. As pointed out by the district court, each of Davis' previous K.S.A. 60-1507 motions were denied and either affirmed on appeal or no appeal was pursued. See *Davis*, 2020 WL 4380972, at *1-2 (summarizing the history of Davis' prior K.S.A. 60-1507 motions). Consequently, we conclude that the district court's findings and conclusions were sufficient to provide us

3

with an opportunity for meaningful review and to comply with the requirements of Supreme Court Rule 183(j).

Interestingly, Davis does not challenge the district court's finding that his current motion was repetitive or successive. Issues not adequately briefed are deemed waived or abandoned. *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018). Instead, Davis focuses his argument on his contention that "manifest injustice" justifies the belated filing of his K.S.A. 60-1507 motion. When a district court summarily dismisses a K.S.A. 60-1507 motion, we conduct a de novo—or independent—review to determine whether the motion, files, and records of the case conclusively establish that the movant has no right to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018). In doing so, we find that Davis has failed to show manifest injustice.

A defendant has one year from when a conviction becomes final to file a K.S.A. 60-1507 motion. K.S.A. 2019 Supp. 60-1507(f)(1). However, Davis was convicted prior to the enactment of the 2003 amendment to K.S.A. 60-1507 that imposed the one-year time limitation. Because the amendment became effective on July 1, 2003, Davis had a one-year "grace period"—until June 30, 2004—to file a K.S.A. 60-1507 motion. See *Hayes v. State*, 34 Kan. App. 2d 157, 162, 115 P.3d 162 (2005). Here, it is undisputed that Davis did not file the K.S.A. 60-1507 motion that is the subject of this appeal until June 18, 2018.

A district court may extend the one-year time limitation for bringing an action under K.S.A. 60-1507(f)(1) to prevent a manifest injustice. K.S.A. 2019 Supp. 60-1507(f)(2). Without a showing of manifest injustice, district courts must dismiss a motion as untimely filed if, after inspection of the motion, files, and records of the case, the court determines that the time limitation has been exceeded. K.S.A. 2019 Supp. 60-1507(f)(3). In other words, a movant who files an untimely motion under K.S.A. 60-1507 and fails to

4

show manifest injustice is procedurally barred from maintaining the action. See *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013).

In an attempt to establish manifest injustice, Davis asserts that he has newly discovered evidence and evidence of witness perjury. Yet, Davis makes no attempt to identify the alleged newly discovered evidence, nor does he explain how it might be exculpatory. Likewise, he makes no attempt to identify the alleged evidence of perjury or explain how it might be exculpatory. As the Kansas Supreme Court has found, courts need not accept an inmate's conclusory allegations and that doing so "would be an evisceration of the one-year time limit." *Beauclair*, 308 Kan. at 302. Thus, based on our review of the motion, files, and records in this case, we find that Davis has failed to establish manifest injustice to justify the untimely filing of his current K.S.A. 60-1507 motion.

Additionally, based on our review of the record, we also find Davis' current K.S.A. 60-1507 motion to be "successive" in that he asserts claims that were decided—or which could have been decided—on direct appeal or in the multiple motions he has filed since that time. Specifically, we note that Davis has raised similar—if not identical arguments—in his previous K.S.A. 60-1507 motions. Specifically, Davis has previously raised the issue of alleged ineffective assistance of counsel and the issue of an alleged violation of his right to a speedy trial in at least two of his prior K.S.A. 60-1507 motions. See *Davis v. State*, 271 Kan. 892, 894-96, 26 P.3d 681 (2001); *State v. Davis*, No. 115,714, 2017 WL 3668853, at *2 (Kan. App. 2017) (unpublished opinion).

Under K.S.A. 2019 Supp. 60-1507(c), district courts need not consider more than one habeas motion seeking similar relief. Because a movant is presumed to have listed all grounds for relief in his or her initial K.S.A. 60-1507 motion, "exceptional circumstances" must be shown to justify the filing of successive motions. *Littlejohn v. State*, 310 Kan. 439, 445-46, 447 P.3d 375 (2019); see *Trotter*, 296 Kan. 898, Syl. ¶ 2.

Exceptional circumstances include "unusual events or intervening changes in the law which prevent[ed] a movant from reasonably being able to raise all of the trial errors in the first postconviction proceeding." *State v. Kelly*, 291 Kan. 868, Syl. ¶ 2, 248 P.3d 1282 (2011).

Because Davis has previously filed multiple K.S.A. 60-1507 motions, he was required to show exceptional circumstances to prevent summary dismissal of his motion. See *Kelly*, 291 Kan. at 872. The purpose of the exceptional circumstances' requirement is to allow movants to explain why they did not raise an issue during their first postconviction proceeding. See *Trotter*, 296 Kan. 898, Syl. ¶ 2. Here, Davis does not offer such an explanation—and fails to point us to any changes in the law or unusual circumstances—that might justify his filing of successive K.S.A. 60-1507 motions.

We, therefore, conclude—based on our review of motion, files, and records of the case—that the district court did not err in summarily dismissing the K.S.A. 60-1507 motion that is the subject of Davis' current appeal.

Affirmed.