(920 P.2d 463)

No. 72,965

STATE OF KANSAS, *Appellee*, v. DAVID W. PETERSON, *Appellant*.

Opinion filed July 5, 1996.

*Reid T. Nelson*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Thomas J. Schultz*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before BRAZIL, C.J., GERNON and ROYSE, JJ.

ROYSE, J.: David W. Peterson appeals from his convictions on one count each of robbery and aggravated burglary. He alleges error in the jury instructions and challenges the legality of his departure sentence.

Peterson contracted to do odd jobs around the home of Leland and Ruby Peck. Although Leland was dissatisfied with Peterson's work and although Peterson did not complete all of his assigned tasks, Ruby paid him the agreed amount of $775.

Peterson returned to the Pecks' home late in the evening on October 4, 1993. He knocked on the door and demanded to be paid for his work. Peterson entered the house and went to Ruby's bedroom where he repeated his demand for payment. When Leland called the police, Peterson left. After the police had left, Leland discovered his wallet was missing. The wallet contained a key to the house. The empty wallet was found the next day at a local school.

Early the following morning, October 5, 1993, Ruby heard someone unlocking her front door. Peterson entered and again demanded money. Peterson headed for Ruby's bedroom. After a struggle, Peterson jerked Ruby's purse out of her hands and left. Ruby reported this incident to the police, telling them her purse

had contained $916. Peterson was arrested later in the day. He had $925 in his possession.

As a result of the events of October 4, 1993, Peterson was charged with aggravated burglary and misdemeanor theft. He was charged with robbery and aggravated burglary for the October 5 events. Following a jury trial, Peterson was acquitted on the first two counts and convicted on the robbery and aggravated burglary counts arising out of the October 5 incident.

Peterson's first argument on appeal is that the district court erred in giving the following jury instruction: "You may consider the testimony of witnesses, an article or document marked as an exhibit, or any other matter admitted in evidence such as a stipulation. You should consider only testimony and exhibits admitted into evidence." At trial, Peterson argued that this instruction erroneously prevented the jury from considering the lack of evidence against him. Peterson asked that the district court give the PIK instruction.

" 'When reviewing challenges to jury instructions, the instructions are to be considered together and read as a whole without isolating any one instruction. If the instructions properly and fairly state the law as applied to the facts in the case, and if the jury could not reasonably have been misled by them, then the instructions do not constitute reversible error although they may be in some small way erroneous.' State v. Whitaker, 255 Kan. 118, Syl. ¶ 3, 872 P.2d 278 (1994)." State v. Caldwell, 21 Kan. App. 2d 466, 474, 901 P.2d 35, rev. denied 258 Kan. 860 (1995).

Although the district court did not explain why it modified the PIK instruction, the instruction given by the district court is similar to the pattern instruction, PIK Crim. 3d 51.04: "In your fact finding you should consider and weigh everything admitted into evidence. This includes testimony of witnesses, admissions or stipulations of the parties, and any admitted exhibits. You must disregard any testimony or exhibit which I did not admit into evidence." The Supreme Court has commented that pattern instructions should be the starting point in the preparation of jury instructions in criminal cases. Unless the particular facts of the case require modification of a PIK instruction, "PIK instructions and recommendations should be followed." State v. Pioletti, 246 Kan. 49, Syl. ¶ 2,

785 P.2d 963 (1990). "[A] trial court should use [PIK instructions] unless there is some compelling and articulable reason not to do so." *State v. Wilson*, 240 Kan. 606, 610, 731 P.2d 306 (1987).

Peterson focuses on the difference between the last sentence of the instruction given and the last sentence of PIK Crim. 3d 51.04. He argues that by telling the jury, "You should consider only testimony and exhibits admitted into evidence," the district court precluded the jury from considering the lack of evidence against him. This argument is without merit.

First, the challenged instruction, read in its entirety, indicates the jury should not consider testimony and exhibits which were not admitted. Second, the challenged instruction contains a correct statement of the law. See *State v. Reser*, 244 Kan. 306, 316, 767 P.2d 1277 (1989); see also *State v. Owens & Carlisle*, 210 Kan. 628, 630, 504 P.2d 249 (1972) (stating the "usual admonition that the jury should consider only the testimony admitted into evidence"). Third, and perhaps most important, when the challenged instruction is read in conjunction with the rest of the instructions, it is clear the jury could not have been misled by it. The district court instructed the jury that the State bears the burden of proof and that it must establish its claims beyond a reasonable doubt. The elements of each charged crime were detailed. The jury was instructed on determining the weight and credit to be given to each witness. The court also instructed the jury to construe each instruction in light of, and in harmony with, the other instructions. The instructions taken as a whole did not prevent the jury from considering whether the State had failed to present sufficient evidence to meet its burden of proof.

Although the challenged instruction could have been phrased better, the district court did not commit reversible error by giving it.

Peterson makes two challenges to his sentence. First, he argues the district court departed to an extent not permitted by the Kansas Sentencing Guidelines. Second, he contends the district court failed to state its reasons for departing at the sentencing hearing.

Both of Peterson's convictions are severity level 5 crimes, and Peterson has a criminal history of category E. The 5-E grid block

carries a presumptive sentence of 46 to 51 months' imprisonment. The district court treated Peterson's aggravated burglary conviction as the primary conviction. The court determined that a departure was appropriate for the aggravated burglary conviction, and it imposed a base sentence of 102 months' imprisonment for that conviction. The district court also sentenced Peterson to serve a non-base departure sentence of 68 months in prison for the robbery conviction, doubling the maximum presumptive sentence of 34 months from the 5-I grid block. Finally, the district court ordered the sentences to run consecutively, for a controlling term of 170 months.

Peterson first argues this sentence violated K.S.A. 1993 Supp. 21-4720(b)(4), which provides in part: "The total sentence assigned for a current conviction event cannot exceed twice the base sentence." This issue involves interpretation of a statute, a question of law subject to unlimited appellate review. See *State v. Donlay*, 253 Kan. 132, 133-34, 853 P.2d 680 (1993).

Peterson's argument is not persuasive. K.S.A. 1993 Supp. 21-4720(b) governs the imposition of consecutive *presumptive* sentences. A separate provision governing consecutive *departure* sentences is set forth in K.S.A. 1993 Supp. 21-4720(c). That subsection states:

"(c) The following shall apply for a departure from the presumptive sentence based on aggravating factors within the context of consecutive sentences:

(2) When a departure sentence is imposed for any of the individual crimes sentenced consecutively, the imprisonment term of that departure sentence shall not exceed twice the maximum presumptive imprisonment term that may be imposed for that crime.

(3) The total imprisonment term of the consecutive sentences, including the imprisonment term for the departure crime, shall not exceed twice the maximum presumptive imprisonment term of the departure sentence following aggravation."

K.S.A. 1993 Supp. 21-4720(c)(3) has been called the "double-double rule." It authorizes a sentencing judge to impose maximum consecutive sentences up to twice the departure sentence imposed for the primary crime. Kansas Sentencing Guidelines Desk Reference Manual, pp. 31-32 (1995).

Peterson's aggregate consecutive sentence of 170 months is less than twice the 102-month sentence imposed for his base crime. This is a legal sentence under the "double-double rule."

Peterson's final argument is that the district court failed to state its reasons for departing at the sentencing hearing. K.S.A. 1993 Supp. 21-4716(a) provides: "If the sentencing judge departs from the presumptive sentence, the judge shall state on the record at the time of sentencing the substantial and compelling reasons for the departure." See *State v. Gideon*, 257 Kan. 591, Syl. ¶ 21, 894 P.2d 850 (1995). A review of the record in this case shows the district court did not state its reasons for imposing a departure sentence. The sentence must therefore be vacated and the case remanded for resentencing.

Vacated and remanded.