(964 P.2d 695)

No. 77,717

STATE OF KANSAS, *Appellee*, v. DAVID W. PETERSON, *Appellant*.

Opinion filed July 31, 1998.

*Ryan Kipling Elliot* and *Brent Getty*, assistant appellate defenders, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Thomas J. Schultz* and *Charles Reimer*, assistant district attorneys, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before PIERRON, P.J., RULON, J., and WILLIAM F. LYLE, JR., District Judge, assigned.

PIERRON, J.: David W. Peterson appeals his upward durational departure sentence. He claims the district court erred at the original sentencing hearing by failing to state on the record the substantial and compelling reasons for departure and that the court should not be allowed to remedy that error at a rehearing. We affirm.

This is the second time this case comes before this court. The events of this case are outlined in *State v. Peterson*, 22 Kan. App. 2d 572, 920 P.2d 463 (1996). In brief, Peterson performed odd jobs for Ruby and Leland Peck. Both of the Pecks were 75 years old at the time. Although Peterson's work was unsatisfactory and not complete, Ruby paid Peterson the contracted amount. Peterson returned two additional times, each time forcing his way into the Peck's home and demanding to be paid for his work. During

the second visit, Peterson stole Ruby's purse containing over $900. Peterson was arrested, with $925 in his possession, and convicted of robbery and aggravated burglary.

Both of Peterson's convictions were severity level 5 crimes, and his criminal history category was E. The 5-E grid block carries a presumptive sentence of 46 to 51 months' imprisonment. The district court treated Peterson's aggravated burglary conviction as the primary conviction. The court determined that a departure was appropriate for the aggravated burglary conviction, and it imposed a base sentence of 102 months' imprisonment for that conviction. The district court also sentenced Peterson to serve a nonbase departure sentence of 68 months in prison for the robbery conviction, doubling the maximum presumptive sentence of 34 months from the 5-I grid block. Finally, the district court ordered the sentences to run consecutively, for a controlling term of 170 months.

On his first appeal, Peterson unsuccessfully argued that the district court departed to an extent not permitted by the Kansas Sentencing Guidelines Act (KSGA). The court found the "double-double" rule authorized the sentencing judge to impose maximum consecutive sentences up to twice the *departure sentence term*, not the presumptive term, imposed for the primary crime. 22 Kan. App. 2d at 575. However, this court vacated Peterson's sentence and remanded the case to the district court because it had failed to state its reasons for imposing a departure sentence on the record at the sentencing hearing. 22 Kan. App. 2d at 576. The record indicates the district court rendered Peterson's sentences without even an explanation for the departure.

On remand, the district court again found there was no objection to Peterson's criminal history classification of category E. In a brief recount of the facts, the court indicated Peterson did some work for the Pecks. The Pecks were not satisfied with his work, but they paid him anyway. Peterson returned two times demanding money, taking Mr. Peck's wallet the first time and Mrs. Peck's purse the second. The court stated that Mr. and Mrs. Peck were both 75 years old at the time of the incident. The court also stated that Peterson was on parole for committing this very type of offense in Johnson County.

The district court granted the State's motion for departure and sentenced Peterson to the same sentence he had previously been given at the original sentencing hearing. The court stated:

"I will find for the record that I find that the statutory aggravating factor existed, that factor being that the victims are particularly vulnerable due to age, reduced physical or mental capacity, which was known or should have been known to the offender at the time of the commission of the offense."

Peterson does not challenge the evidence to support the departure factor relied on by the district court or whether it constituted a substantial and compelling reason.

Appellate review of a departure sentence is limited to whether the sentencing court's findings of fact and reasons justifying a departure (1) are supported by evidence in the record, and (2) constitute substantial and compelling reasons for departure. K.S.A. 21-4721(d); see *State v. Hunter*, 22 Kan. App. 2d 103, Syl. ¶ 1, 911 P.2d 1121 (1996).

"The applicable standard of review of a departure sentence is keyed to the language of the statute: K.S.A. 21-4721(d)(1) requires an evidentiary test—are the facts stated by the sentencing court in justification of departure supported by the record? K.S.A. 21-4721(d)(2) requires a law test—are the reasons stated on the record for departure adequate to justify a sentence outside the presumptive sentence, *i.e.,* do the reasons supported by the record constitute substantial and compelling reasons for departure?" *State v. Salcido-Corral*, 262 Kan. 392, Syl. ¶ 8, 940 P.2d 11 (1997).

Whether the factors relied upon by the court constitute substantial and compelling reasons for departure is a question of law. The court must state on the record at the time of sentencing the substantial and compelling reasons for the departure. The court's comments at the time of sentencing govern as to the reasons for departure. *State v. Jackson*, 262 Kan. 119, 134, 936 P.2d 761 (1997).

The first question is whether the reasons enumerated by the sentencing court as justifying sentencing departure are supported by evidence in the record. Here, the district court relied on the vulnerability of the victims due to their age, or reduced physical or mental capacity, which was known to Peterson at the time of the commission of the offense. Peterson knew the victims were

elderly, thus supporting the sentencing court's finding the victims were vulnerable due to their age, which was known or should have been known by the offender. See *State v. Keniston*, 21 Kan. App. 2d 818, 821, 908 P.2d 656 (1995).

The next question is whether the Pecks' vulnerability constituted a substantial and compelling reason for departure. See K.S.A. 21-4721(d)(2). In K.S.A. 1997 Supp. 21-4716(b)(2)(A), the legislature made it clear that the vulnerability of the victim is an aggravating factor which may be considered in determining whether substantial and compelling reasons exist for departure.

The district court was within its discretion to impose an upward durational departure sentence.

Peterson also argues the district court should not be allowed to formulate reasons for departure at the resentencing hearing when the court failed to supply reasons for departing at the original sentencing hearing. He claims that a presumption should exist that the court lacked reasons initially and is retaliating because he successfully appealed.

Peterson's claims of vindictiveness are unsupported. First and foremost, there is no evidence the court acted in a vindictive manner. The court simply sentenced Peterson to the same sentence he had originally been given. On the other hand, vindictiveness is obvious in the cases cited by Peterson. See *North Carolina v. Pearce*, 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072 (1969) (more severe sentence for defendant after a new trial following appeal); *State v. Rinck*, 260 Kan. 634, Syl. ¶ 3, 923 P.2d 67 (1996) (a presumption of vindictiveness if defendant receives enhanced sentence after granting of a new trial or upon resentencing).

Peterson acknowledges that his sentence was not enhanced, but he claims the district court's failure to give substantial and compelling reasons to depart at the original sentencing hearing would allow the court to sentence him only within the presumptive sentencing range. Peterson cites no statutory or case law authority to support his contentions. We believe there is none.

Peterson's argument rests on the claim that the district court had no reason for rendering a departure sentence and was forced to give one only when instructed by this court. The evidence in-

dicates the district court had reasons for departure but simply did not state these reasons on the record at the sentencing hearing. The State's motion for departure was based on the factor that the victims were particularly vulnerable. In its motion, the State outlined the facts supporting this departure factor. The State also adequately argued this departure factor to the district court at the sentencing hearing. Although the district court failed to indicate the departure factors on the record at the sentencing hearing, the journal entry of sentencing stated the following:

"AGGRAVATED factors cited as basis for departure sentence:

"The victim was particularly vulnerable due to age, infirmity, or reduced physical or mental capacity which was known or should have been known to the offender.

"The offense involved a fiduciary relationship which existed between the defendant and the victim.

"The defendant is not rehabilitative."

The district court properly sentenced Peterson.

To the best of our knowledge, the argument that the court may not state reasons for departure on remand when it did not do so in the first hearing has not been previously raised in the appellate courts of Kansas. We note that many cases have appeared before us where the trial court has remedied an earlier failure to comply with the appropriate procedure. We see no difficulty with this process.

In a recent United States Supreme Court case, *Monge v. California*, 524 U.S. 721, 141 L. Ed. 2d 615, 118 S. Ct. 2246 (1998), it appears that the high court finds no problem with this process in noncapital cases.

We therefore find that when a court fails to meet the requirements for the imposition of a departure sentence, on remand the court may cite appropriate reasons justifying the imposition of a departure sentence and impose such a sentence subject to the usual review process.

Affirmed.