No. 100,587

STATE OF KANSAS, *Appellee,* v. RONALD J. PEIRANO, *Appellant.*

(217 P.3d 23)

Opinion filed October 9, 2009.

*Reid T. Nelson,* of Capital and Conflicts Appeals Office, for the appellant.

*Ellen H. Mitchell,* county attorney, and *Steve Six,* attorney general, for the appellee.

The opinion of the court was delivered by

ROSEN, J.: In 1994, Ronald J. Peirano entered a plea of guilty to two counts of first-degree murder and one count of attempted second-degree murder following the shooting deaths of his two daughters and his threat to shoot his wife.

On January 23, 1995, the district court sentenced him to two concurrent life terms without parole eligibility for the first 40 years for the first two counts and a consecutive term of 49 months for the third count. The sentence imposed was identical to the sentence that Peirano and the State jointly requested.

At sentencing, the court asked Peirano whether he wanted to state any mitigating circumstances, and he said he did not. The court found two aggravating circumstances on the record: Peirano

killed more than one person and he committed the crimes in an "especially heinous, atrocious, or cruel manner." See K.S.A. 21-4636(b) and (f).

Two days later, on January 25, 1995, the district court called Peirano back for an additional hearing. The court announced that it had inadvertently failed to make the finding that there was no showing of mitigating circumstances that would outweigh the aggravating circumstances that it found at sentencing. See K.S.A. 21-4635(d). The court then proceeded to make that finding on the record.

On October 12, 2007, Peirano filed a motion to correct an illegal sentence under K.S.A. 22-3504(1). The district court denied the motion, and Peirano filed a timely notice of appeal from that order, which is the subject of the present appeal.

Peirano asks this court to address two issues: Did the district court err in imposing the hard 40 sentences when it failed to make a balancing finding at the sentencing hearing; and did the district court err in concluding that the murders were committed in an especially heinous, atrocious, or cruel manner? He raises these issues in the form of a motion to correct an illegal sentence, and the threshold issue that this court must address is whether such a motion is the proper vehicle for challenging alleged procedural errors.

K.S.A. 22-3504 provides for correction of illegal sentences:

"(1) The court may correct an illegal sentence at any time. The defendant shall receive full credit for time spent in custody under the sentence prior to correction. The defendant shall have a right to a hearing, after reasonable notice to be fixed by the court, to be personally present and to have the assistance of counsel in any proceeding for the correction of an illegal sentence.

"(2) Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court's review is unlimited. *State v. Gracey*, 288 Kan. 252, 261, 200 P.3d 1275 (2009). K.S.A. 22-3504(1) applies only under very limited circumstances. *State v. Davis*, 288 Kan. 153, 154-55, 200 P.3d 443 (2009)

(citing *State v. Edwards*, 281 Kan. 1334, 1336, 135 P.3d 1251 [2006]). "An illegal sentence, as contemplated by K.S.A. 22-3504(1), is a sentence imposed by a court without jurisdiction; a sentence that does not conform to the statutory provision, either in the character or the term of the punishment authorized; or a sentence that is ambiguous with respect to the time and manner in which it is to be served. [Citation omitted.]" *State v. Gracey*, 288 Kan. at 261. A sentence is illegal only if it fits within this definition. *State v. Gayden*, 281 Kan. 290, 293, 130 P.3d 108 (2006).

When, for example, a trial court failed to permit a defendant to offer argument in mitigation of sentence, the sentence was not illegal, because the sentencing court had jurisdiction and the sentences imposed were within the applicable statutory limits. *State v. Heath*, 285 Kan. 1018, 1019-20, 179 P.3d 403 (2008) (citing *State v. Mebane*, 278 Kan. 131, 134-35, 91 P.3d 1175 [2004]); see also *Trotter v. State*, 288 Kan. 112, 126-27, 200 P.3d 1236 (2009) (claim that multiple sentences arose from single wrongful act and violated Double Jeopardy Clause does not establish that sentence is illegal); *State v. Mitchell*, 284 Kan. 374, 377, 162 P.3d 18 (2007) (definition of illegal sentence does not encompass violations of constitutional provisions); *State v. Harp*, 283 Kan. 740, 744, 156 P.3d 1268 (2007) (sentence violating identical offense doctrine is not an illegal sentence within meaning of K.S.A. 22-3504); *State v. Johnson*, 269 Kan. 594, 601, 7 P.3d 294 (2000) (claim that State's comments at sentencing were inconsistent with plea agreement does not render resulting sentence illegal).

In the present case, Peirano challenges the procedures that the district court followed in applying K.S.A. 21-4635 to his sentence. The sentence itself was authorized by a valid statute, both as to its character and its term, and the sentence was not ambiguous with respect to the time and manner in which it was to be served. The sentence was therefore not illegal under the limited terms of K.S.A. 22-3504, and no reversible error has occurred.

The judgment of the district court is affirmed.