IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 114,468

STATE OF KANSAS,
*Appellee*,

v.

ALAN KINGSLEY,
*Appellant.*

SYLLABUS BY THE COURT

1.

K.S.A. 22-3504(1), which governs correction of illegal sentences, applies only under very limited circumstances. An illegal sentence under this statute is a sentence imposed by a court without jurisdiction; a sentence that does not conform to the statutory provision, either in the character or the term of the punishment authorized; or a sentence that is ambiguous with respect to the time and manner it is to be served.

2.

A claim that a sentence fails to conform to constitutional requirements is not a claim that the sentence fails to conform to statutory requirements as is necessary to come within the narrow definition of "illegal sentence" under K.S.A. 22-3504(1).

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed June 2, 2017. Affirmed.

*Michael P. Whalen* and *Krystle Dalke*, of Law Office of Michael P. Whalen, of Wichita, were on the brief for appellant.

1

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BILES, J.: Alan W. Kingsley was convicted of first-degree premeditated murder for a 1991 killing. The jury recommended a hard 40 life sentence, which the district court imposed. Kingsley now claims the sentence was illegal because it was based on an incorrect criminal history score and that his due process rights were violated when his sentence was imposed based on that error. The district court summarily rejected these claims, and we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Kingsley of four 1991 crimes: first-degree murder on the alternative theories of both premeditated and felony murder, aggravated robbery, aggravated arson, and forgery. As part of the proceedings, the jury found three aggravating circumstances: (1) Kingsley committed the crime for pecuniary gain; (2) he committed the crime to avoid or prevent arrest or prosecution; and (3) he committed the crime in an especially heinous, atrocious, or cruel manner. It also found the aggravating circumstances were not outweighed by any mitigating circumstances and recommended a hard 40 life sentence.

The sentencing court accepted the jury's recommendation. In doing so, the court noted its "discretion . . . [was] extremely limited" under the hard 40 sentencing statute. The court first concluded there was sufficient evidence to support the findings of aggravating circumstances. Next, it reviewed each of the factors enumerated in K.S.A. 21-4606—the statute that provided the general rule at that time on ascertaining the

2

minimum prison term to be imposed on a person convicted of a crime. In reviewing one of the factors, "the defendant's history of prior criminal activity," the court noted:

"The presentence investigation indicates that he does have a significant history of prior criminal activity in the State of Florida. Seems to reflect convictions for forgery, possession of cocaine, burglary, robbery, and it is not certain from the record I've received whether or not he was convicted of hit and run with personal injury involved, although there have certainly been two arrests for his and run with personal injury and with property damage. The report I have received discloses that in Florida, anyway, he is categorized as a habitual felony offender."

In addition to the hard 40 sentence, the court imposed respective 15-year-to-life sentences for aggravated robbery and aggravated arson, and a 1- to 5-year sentence for forgery. The court ordered that the aggravated arson and forgery sentences run consecutive to the murder and aggravated robbery sentences, which were also to run consecutive to one another.

On direct appeal, this court vacated the aggravated arson conviction and remanded the case for resentencing on the lesser charge of arson. *State v. Kingsley*, 252 Kan. 761, 782, 851 P.2d 370 (1993). But the court affirmed the hard 40 sentence. 252 Kan. at 796. At resentencing, the district court imposed a 5- to 20-year sentence for arson. The net result of these proceedings was that Kingsley was sentenced to a hard 40 life sentence, a consecutive 15-year-to-life sentence, and a consecutive 5- to 20-year sentence.

In 2014, Kingsley filed a motion to correct an illegal sentence seeking conversion of his indeterminate sentences to grid sentences under the Kansas Sentencing Guidelines Act (KSGA). See K.S.A. 21-4701 *et seq*. He relied on our decision in *State v. Murdock*, 299 Kan. 312, 319, 323 P.3d 846 (2014) (regarding person/nonperson classification of prior out-of-state offenses for purposes of calculating criminal history score), *overruled*

3

*by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). In a supplemental pro se motion, Kingsley argued his original presentence investigation (PSI) revealed 1988 Florida convictions for robbery and grand larceny that never occurred. Kingsley's appointed counsel filed a similar motion challenging the inaccurate PSI and arguing: "Without counting the inaccurate conviction, the finder of fact would have been faced with a different presentation of criminal history, and the sentence could have been reduced accordingly."

After summarily denying the *Murdock*-based motion to convert the sentence, the district court held a hearing regarding Kingsley's criminal history. The court permitted Kingsley to produce exhibits showing the PSI was incorrect and made "the finding that what [Kingsley] is attempting to establish factually is in fact the truth." The court ordered that Kingsley's criminal history in the Florida case "shall not reflect a robbery allegation or conviction," but it concluded the change in criminal history would not affect the sentence. The court decided that resentencing was unnecessary because "[a]n illegal sentence was not created by this error." Kingsley appealed.

Jurisdiction is proper. See K.S.A. 2016 Supp. 22-3601(b)(2), (3) (Supreme Court has jurisdiction over a case in which defendant is convicted of a class A felony, or life sentence is imposed); *State v. Sims*, 294 Kan. 821, 823-24, 280 P.3d 780 (2012) (Supreme Court has jurisdiction over motion to correct an illegal sentence filed in a case in which defendant received a life sentence).

NO ILLEGAL SENTENCE

Kingsley first argues his sentence is illegal "because a sentencing court acting based on an honest, but mistaken, belief about the law or the facts in a particular

4

sentencing situation, gives rise to the requirement of new sentencing." He cites no authority for this proposition.

Whether a sentence is illegal is a question of law over which this court has unlimited review. An "illegal sentence" under K.S.A. 22-3504 is one that (1) is imposed by a court without jurisdiction; (2) does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) is ambiguous with respect to the time and manner it is to be served. *State v. Gilbert*, 299 Kan. 797, 801, 326 P.3d 1060 (2014).

Kingsley's claim that his sentencing could have been swayed by the sentencing court's beliefs—mistaken or otherwise—about the Florida conviction is belied by statutes under which the sentence was imposed. The hard 40 sentencing statute as it existed at the time of Kingsley's crimes provided:

> "If, by unanimous vote, the jury finds beyond a reasonable doubt that one or more of the aggravating circumstances enumerated in K.S.A. 21-4625 . . . exist and, further, that the existence of such aggravating circumstances is not outweighed by any mitigating circumstances which are found to exist, *the defendant shall be sentenced pursuant to K.S.A. 21-4628 . . .* otherwise, the defendant shall be sentenced as provided by law." (Emphasis added.) K.S.A. 1991 Supp. 21-4624(5).

The statute further provides:

> "Notwithstanding the verdict of the jury, the trial court shall review any jury verdict imposing a mandatory term of imprisonment hereunder to ascertain whether the imposition of such sentence is supported by the evidence. If the court determines that the imposition of such a sentence is not supported by the evidence, the court shall modify the sentence and sentence the defendant as otherwise provided by law, and no mandatory term of imprisonment shall be imposed hereunder." K.S.A. 1991 Supp. 21-4624(6).

5

If there is sufficient evidence to support the jury verdict, K.S.A. 1991 Supp. 21-4628 states:

> "When it is provided by law that a person shall be sentenced pursuant to this section, such person shall be sentenced to imprisonment for life and shall not be eligible for probation or suspension, modification or reduction of sentence. In addition, *a person sentenced pursuant to this section shall not be eligible for parole prior to serving 40 years' imprisonment . . . .*" (Emphasis added.)

As is plainly seen, upon finding the jury's verdict was supported by the evidence, the sentencing court was required to impose the hard 40 sentence. See K.S.A. 1991 Supp. 21-4624(6).

In an analogous circumstance, this court has held that a motion to correct an illegal sentence cannot be used as a vehicle to assert claims that the trial court erred in performing the balancing of aggravating and mitigating circumstances that is a prerequisite to imposing a hard 40 sentence. See *State v. Peirano*, 289 Kan. 805, 806-07, 217 P.3d 23 (2009) (district court's failure to make on-the-record finding that aggravating circumstances were not outweighed by mitigating circumstances did not render hard 40 sentence illegal). The *Peirano* court reasoned:

> "The sentence itself was authorized by a valid statute, both as to its character and its term, and the sentence was not ambiguous with respect to the time and manner in which it was to be served. The sentence was therefore not illegal under the limited terms of K.S.A. 22-3504." 289 Kan. at 807.

Kingsley challenges only the procedures the district court employed in imposing the hard 40 sentence. And he concedes the sentence itself was "a valid option and legal

sentence that could be imposed on [him] at the time of his conviction." In other words, Kingsley's challenge is limited to the district court's execution of procedures not relevant to the hard 40 sentencing determination.

Kingsley argues the sentencing court's mistaken view of his criminal history renders his sentence illegal. But this claim is inapplicable under the sentencing statutes in place at the time of Kingsley's crime. Today, when a guidelines sentence is imposed under the KSGA, a "challenge to [a] criminal history score is necessarily a challenge to [a] sentence that the history score helped produce. If the history score is incorrect, it follows that [the] resulting sentence cannot conform with the statutory provision in the term of the punishment authorized." *State v. Neal*, 292 Kan. 625, 631, 258 P.3d 365 (2011). The reason for this is that guidelines sentences "are generally based upon two factors:  the crime severity ranking of the current crime of conviction and the criminal history classification of the defendant." 292 Kan. at 631. The hard 40 sentencing determination in Kingsley's case did not turn on his "criminal history classification."

Kingsley also directs us to two cases involving direct appeals from sentences imposed under the KSGA:  *State v. Garcia*, 274 Kan. 708, 56 P.3d 797 (2002), and *State v. Peterson*, 25 Kan. App. 2d 354, 964 P.2d 695 (1998). But these cases are inapposite to his illegal sentence claim. *Garcia* stands for the proposition that, when a district court applies a KSGA provision that permits prison sentence instead of probation for certain gang related conducts, the court must make "findings on the record consistent with those outlined in [the statute]." 274 Kan. at 717. *Peterson* stands for the proposition that when a district court fails to state on the record its reasons for imposing a KSGA departure sentence, it is not prohibited from imposing the same sentence on remand so long as it cites "appropriate reasons justifying the imposition of a departure sentence." 25 Kan. App. 2d at 358.

Kingsley's hard 40 sentence conforms to the then-controlling statutory provision. It is not an illegal sentence.

## IMPROPER CONSTITUTIONAL CLAIM

Kingsley next argues "because of the erroneous information in the [PSI] report, [he] was denied his right to Due Process." But this argument is without merit in the context of this appeal, which is from the denial of his motions to correct an illegal sentence. See *State v. Gayden*, 281 Kan. 290, 292-93, 130 P.3d 108 (2006) (holding claim that cumulative punishments for six convictions violated Double Jeopardy Clause of Fifth Amendment to United States Constitution cannot be properly raised in motion to correct illegal sentence); see also *State v. Mitchell*, 284 Kan. 374, 377, 162 P.3d 18 (2007) (holding district court properly concluded it lacked jurisdiction under K.S.A. 22-3504 to address constitutional challenges to sentence on grounds it violated double jeopardy, equal protection, and Eighth Amendment). But see *State v. Dickey*, 305 Kan. 217, 221-22, 380 P.3d 230 (2016) (holding misclassification of criminal history score based on construction of sentencing statute dictated by constitutional law could be basis for illegal sentence claim because challenge was "to the statutory propriety of the classification . . . albeit with a thick overlay of constitutional law").

As we have already noted, K.S.A. 22-3504(1) "has very limited applicability." *State v. Hankins*, 304 Kan. 226, 230, 372 P.3d 1124 (2016). It applies only to three types of sentences:  one "imposed by a court without jurisdiction," one that "does not conform to the statutory provision," or one that "is ambiguous with regard to the time and manner in which it is to be served." 304 Kan. at 230.

A sentence imposed based on a claim that the sentencing court's misinterpretation of the offender's criminal history violated due process is not one of the three types of

8

sentences that may be corrected at any time through a K.S.A. 22-3504 motion. See *Hankins*, 304 Kan. at 230-31 (holding a motion to correct illegal sentence could not be used to litigate a claimed due process violation arising from application of invited error doctrine to bar appellate review of error in calculating criminal history score). Kingsley does not claim the district court lacked jurisdiction to impose the sentence or that the sentence is ambiguous, and his "claim that a sentence fails to conform to *constitutional* requirements is not a claim [that] it fails to conform to *statutory* requirements." *Gayden*, 281 Kan. at 293.

Kingsley's due process claim is not cognizable in a motion to correct an illegal sentence.

Affirmed.