NOT DESIGNATED FOR PUBLICATION

No. 118,585

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHANE A. ALLMAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed October 26, 2018. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., BUSER and SCHROEDER, JJ.

PER CURIAM: Shane A. Allman appeals the denial of his motion to correct an illegal sentence. Nine years after he pled guilty to aggravated assault and was ordered to register as an offender, Allman moved to correct an illegal sentence. He argued the district court erred when it ordered him to register as an offender because the judge, and not a jury, found he committed the crime with a deadly weapon. The district court denied Allman's motion. We find no error and affirm.

1

In 2008, the State charged Allman with one count of aggravated assault with a deadly weapon, a knife. The State later amended its information, charging Allman with aggravated assault with the intent to commit a felony. Allman pled guilty pursuant to a plea agreement.

At the plea hearing, the district court asked Allman what he did to believe he was guilty. Allman replied, "I threatened to scare [the victim] and I was a little bit intoxicated too." Except that the crime occurred in Sedgwick County, the State did not add anything to the factual basis for the crime and did not seek to admit the original complaint or preliminary hearing transcript.

Similarly, the State proffered no evidence at sentencing. The district court sentenced Allman to 12 months' incarceration but suspended the sentence and placed him on 24 months' probation. The district court also ordered Allman to register as a violent offender, finding Allman used a knife—a deadly weapon. Allman did not appeal his plea and sentence.

In 2017, Allman moved to correct an illegal sentence. He alleged evidence of a deadly weapon must exist from either a trial, plea hearing, or from a sentencing hearing to support the district court's registration requirements. Allman contended there was no evidence he used a deadly weapon and the district court's order was illegal. The district court denied his motion.

Allman argues the district court erred when it denied his motion to correct an illegal sentence. He contends judicial fact-finding increased his punishment in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Allman asserts the 2011 amendments to the Kansas Offender Registration Act (KORA), K.S.A. 2017 Supp. 22-4901 et seq., "mandate[] a finding that [KORA] is punishment and cannot be imposed through judicial factfinding." In support of his argument, he analyzes

2

the *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69, 83 S. Ct. 554, 9 L. Ed. 2d 644 (1963), factors before determining KORA has been greatly expanded and should now be considered punishment. Allman concludes that, given KORA's current punitive nature, the district court's finding he was a violent offender because he committed his crime with a knife constituted impermissible judicial fact-finding and is illegal. His argument is unpersuasive.

Whether a sentence is illegal within the meaning of K.S.A. 2017 Supp. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). When a district court summarily denies a motion to correct an illegal sentence, this court applies a de novo standard of review. This is because the reviewing court has the same access to the motion, records, and files as the district court. *State v. Gray*, 303 Kan. 1011, 1013-14, 368 P.3d 1113 (2016).

An "illegal sentence," as contemplated by K.S.A. 2017 Supp. 22-3504(1), is

"'(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of the authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served.' [Citations omitted.]" *Gray*, 303 Kan. at 1014.

Because the definition of an illegal sentence does not encompass violations of constitutional provisions, a defendant may not challenge a sentence on constitutional grounds under K.S.A. 2017 Supp. 22-3504. *Lee*, 304 Kan. at 418. Since *Apprendi* was decided on constitutional grounds, Allman cannot use it to challenge his sentence as illegal. See *Apprendi*, 530 U.S. at 490. Allman is not entitled to relief.

Allman also acknowledges the Kansas Supreme Court ruled against his position in *State v. Huey*, 306 Kan. 1005, 1009-10, 399 P.3d 211 (2017). He recognizes this court

3

must follow Kansas Supreme Court precedent unless there is some indication it is departing from its prior position. See *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015).

In *Huey*, the Kansas Supreme Court held the Legislature intended KORA to be civil and nonpunitive for all offenders. 306 Kan. at 1009. Only the "clearest proof" KORA is "'so punitive either in purpose or effect as to negate the [Legislature's] intention'" will transform KORA from a civil remedy into a criminal penalty. 306 Kan. at 1009 (quoting *State v. Meredith*, 306 Kan. 906, 911, 399 P.3d 859 [2017]). In *Meredith*, the Kansas Supreme Court held:

> "An analysis of the *Mendoza-Martinez* factors requires a robust record because the effects prong of the applicable legal test obliges an appellate court to premise its legal conclusion on at least some fact-intensive questions—*i.e.*, the legitimacy of the public safety interests at stake, the effectiveness of the alternative purpose to promote public safety, etc. Indeed, in *Smith* the Supreme Court relied in part for its holding on social science data concerning recidivism and public safety. 538 U.S. at 105. We do not have access to similar data concerning drug or violent offenders in the record as it has been presented to us.
> "As such, we cannot conduct a full and fair analysis using the *Mendoza-Martinez* factors in the instant case because Meredith produced no factual record and made no arguments below concerning KORA's punitive effects on drug offenders as a class distinct from sex offenders. In the absence of such a record, we are obligated to conclude that Meredith has failed to demonstrate by the clearest proof that KORA registration has a punitive effect on drug offenders." 306 Kan. at 913.

Like Meredith, Huey raised his *Apprendi* challenge for the first time on appeal; he had offered no fact-based arguments based on the *Mendoza-Martinez* factors before the district court. As a result, the Kansas Supreme Court found Huey had not shown that the registration requirements constituted punishment and so "it was not necessary that Huey's use of a deadly weapon be found beyond a reasonable doubt by a jury." 306 Kan. at 1010.

4

Similarly, Allman has offered no fact-based arguments based on the *Mendoza-Martinez* factors. Nor has he provided a robust record to support the more fact-intensive factors. Instead, Allman merely regurgitates the same analysis as *Doe v. Thompson*, 304 Kan. 291, 328, 373 P.3d 750 (2016) (finding KORA constituted punishment), *overruled by State v. Petersen-Beard*, 304 Kan. 192, 377 P.3d 1127 (2016). The Kansas Supreme Court rejected these arguments in *Petersen-Beard*, specifically finding KORA was not punitive as applied to sex offenders. 304 Kan. at 209. And, like Meredith and Huey, Allman fails to show KORA's punitive effects on violent offenders as a class is distinct from its effect on sex offenders.

This court is duty bound to follow Kansas Supreme Court precedent unless there is some indication it is departing from its prior position. *Meyer*, 51 Kan. App. 2d at 1072. Because Allman failed to offer evidence showing KORA's effects are more punitive on violent offenders than sex offenders, *Huey* controls. Since *Huey* controls, we cannot conclude KORA's registration requirements constitute punishment and, as a result, the district court did not violate Allman's rights under *Apprendi* when it found he committed his crime with a deadly weapon and required him to register as a violent offender.

In addition to his constitutional argument to correct an illegal sentence, Allman throws a jurisdiction claim into the mix. In his reply brief, Allman argues:

> "However, without an adequate factual basis as found by a jury, the district court lacked jurisdiction to make a deadly weapon finding. As a result, the registration requirement, ordered at Allman's sentencing, constitutes an illegal sentence under K.S.A. 22-3504. While there may be a 'thick overlay' of constitutional concerns, without a factual basis found by a jury, the district court had no jurisdiction to impose a registration requirement under KORA in this matter. See *State v. Dickey*, 305 Kan. 217, 221, 380 P.3d 230 (2016)."

This is the entirety of Allman's jurisdictional argument. Ordinarily a point raised incidentally in a brief and not argued therein is deemed abandoned. *State v. Sprague,* 303 Kan. 418, 425, 362 P.3d 828 (2015). Similarly, failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue. *State v. Murray,* 302 Kan. 478, 486, 353 P.3d 1158 (2015). If Allman raised any other issue this briefly, we could easily determine Allman abandoned the issue by incidentally raising it in his brief and failing to support the issue with pertinent authority. But Allman raised jurisdiction, and this court has a responsibility to consider jurisdiction even if neither party raises it. See *State v. Comprehensive Health of Planned Parenthood*, 291 Kan. 322, 352, 241 P.3d 45 (2010). As a result, although Allman provides no real analysis or support for his jurisdictional claim, we will address it.

Allman argues the district court's jurisdiction to make a deadly weapon finding depends on an adequate factual basis for the finding. Allman does not cite—and we have been unable to find—any supporting authority for his assertion. Instead, his argument appears to conflate two different issues: jurisdiction and the sufficiency of the evidence supporting the district court's finding. Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *State v. Smith,* 304 Kan. 916, 919, 377 P.3d 414 (2016). This court reviews a sentencing judge's findings of fact for substantial competent evidence. *State v. Chambers*, 36 Kan. App. 2d 228, 239, 138 P.3d 405 (2006).

The district court had jurisdiction to make the deadly weapon finding. K.S.A. 22-4902(a)(7) defines an offender as, in relevant part: "[A]ny person who, on or after July 1, 2006, is convicted of any person felony and the court makes a finding on the record that a deadly weapon was used in the commission of such person felony." Obviously the statute contemplates the district court having jurisdiction to make the necessary finding; if the district court lacked jurisdiction to make a deadly weapon finding, K.S.A. 22-4902(a)(7)

6

would be meaningless. In *Huey*, the Kansas Supreme Court did not question the district court's jurisdiction to make a deadly weapon finding despite its responsibility to raise jurisdictional questions sua sponte. See *Comprehensive Health*, 291 Kan. at 352. The Kansas Supreme Court's failure to question jurisdiction in *Huey* tells us the district court had jurisdiction to make a deadly weapon finding. Despite Allman's contention otherwise, the district court had jurisdiction to make the deadly weapon finding.

In his argument, Allman also challenges whether evidence supported the district court's finding. We are unable to address the issue because the sufficiency of evidence supporting a sentencing judge's finding is not reviewable on a motion to correct an illegal sentence. See *State v. Peirano*, 289 Kan. 805, 807, 217 P.3d 23 (2009).

In *Peirano*, the district court sentenced Peirano to two counts of first-degree murder and one count of attempted second-degree murder. The district court found two aggravating circumstances—he killed more than one person and he committed the crimes in an "especially heinous, atrocious, or cruel manner"—and sentenced him to two concurrent hard 40 life sentences and a consecutive term of 49 months for the third count. 289 Kan. at 806. More than 10 years later, Peirano moved to correct an illegal sentence arguing, in part, the district court erred by finding the murders were committed in an especially heinous, atrocious, or cruel manner and by failing to make a balancing finding at sentencing. The district court denied Peirano's motion to correct an illegal sentence and he appealed.

Before addressing the merits of Peirano's appeal, the Kansas Supreme Court questioned whether a motion to correct an illegal sentence was a proper vehicle for Peirano's alleged errors. The court found Peirano challenged the procedures the district court followed in applying K.S.A. 21-4635, the hard 40 sentencing statute. It concluded:

"The sentence itself was authorized by a valid statute, both as to its character and its term, and the sentence was not ambiguous with respect to the time and manner in which it was to be served. The sentence was therefore not illegal under the limited terms of K.S.A. 22-3504, and no reversible error has occurred." 289 Kan. at 807.

Like Peirano, Allman challenges the evidence supporting the district court's factual findings at sentencing. And, like Peirano, he does so through a motion to correct an illegal sentence. However, Allman's registration requirement conforms to the applicable statutory provision as to both its character and term. Similarly, Allman's registration requirement is not ambiguous. As a result, the registration requirement was not an illegal sentence regardless of the merits of Allman's sufficiency of the evidence allegations. Allman is not entitled to relief.

Affirmed.