No. 91,862

STATE OF KANSAS, *Appellee,* v. BRILON S. JONES, *Appellant.*

112 P.3d 123

Opinion filed June 3, 2005.

*Carl F.A. Maughan,* of Maughan Hitchcock, LC, of Wichita, argued the cause and was on the brief for appellant.

*Debra S. Byrd Peterson,* deputy district attorney, argued the cause, and *Lesley A. Isherwood,* assistant district attorney, *Nola Foulston,* district attorney, and *Phill Kline,* attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

BEIER, J.: Defendant Brilon Jones appeals the district court's summary denial of his motion to correct an illegal sentence.

Jones was charged in 1993. He stands convicted on one count of felony murder, two counts of aggravated robbery, one count of burglary, and one count of theft. He was sentenced to life for felony murder, 10 to 40 years for each aggravated robbery conviction, 1 to 4 years for burglary, and 1 to 5 years for theft. The life sentence is consecutive to the concurrent sentences on the four other counts. Jones' convictions were affirmed in *State v. Jones,* No. 70,532, unpublished opinion, filed January 27, 1995.

Now an inmate at the El Dorado Correctional Facility, Jones filed this motion pro se in September 2003. The district court denied the motion on the ground that it was barred by res judicata because of Jones' prior direct appeal.

Jones now asserts that the district court erred by refusing to appoint counsel and permit a hearing.

Under K.S.A. 22-3504(1), the court may correct an illegal sentence at any time. We have long authorized the district court, however, to make a preliminary examination of such a posttrial motion to determine whether the movant has raised substantial issues of fact or law. If the district court determines that no such issues are raised, the motion may be denied summarily. See, *e.g., State v. Davis,* 271 Kan. 892, 894, 26 P.3d 681 (2001); *State v. Duke,* 263 Kan. 193, 196, 946 P.2d 1375 (1997). Although we have said that our standard of review on whether to hold an evidentiary hearing on a motion to correct an illegal sentence is subject to an abuse of discretion standard, *Davis,* 271 Kan. at 894, the question of whether a sentence is illegal actually raises an issue of law, reviewable de novo by an appellate court. *State v. Jones,* 272 Kan. 674, 677, 35 P.3d 887 (2001).

An illegal sentence is one imposed by a court without jurisdiction; one that does not conform to the statutory provisions, either in the character or the term of the punishment authorized; or one that is ambiguous with respect to the time and manner in which it is to be served. *State v. Harper,* 275 Kan. 888, 890, 69 P.3d 1105 (2003); *Carmichael v. State,* 255 Kan. 10, 16, 872 P.2d 240 (1994).

In essence, Jones argues that his sentences on the aggravated robbery convictions are illegal because they were imposed by a court that lacked jurisdiction. In his view, the district court divested itself of jurisdiction because of variance between the language used in the information and the language used in the jury instructions on aggravated robbery. The information contained all of the essential elements of the crimes because it stated that Jones had taken property from the "person or presence" of his victims. See K.S.A. 21-3426; K.S.A. 21-3427 (defining robbery, aggravated robbery). In contrast, Jones asserts, his jury was erroneously instructed that the State must prove the property was taken only from the "person" of the victims.

Jones cites *State v. Wilson,* 240 Kan. 606, 731 P.2d 306 (1987), to support his argument. In *Wilson,* we held the prosecutor's oral motion to amend an information was insufficient where the prosecutor never filed an amended information, never stated on the record the changes the State wished to make, and failed to strike

out or write in the pertinent language on the document on file. 240 Kan. at 608. *Wilson* is of no help to Jones.

There simply was no amendment in this case, and thus no threat to jurisdiction. See *State v. Little*, 26 Kan. App. 2d 713, 994 P.2d 645, *rev. denied* 269 Kan. 938 (2000) (upholding district court's decision to modify jury instruction and complaint during jury deliberations to include phrase "or presence").

We note further that, to the extent the jury instructions narrowed the situations that would qualify as aggravated robbery, Jones' chance of conviction was reduced. As recognized by the Court of Appeals in *State v. Robinson*, 27 Kan. App. 2d 724, 728, 8 P.3d 51 (2000), "[p]ersonal property can be taken from a victim's 'presence' without being taken from his or her 'person,' but it cannot be taken from his or her 'person without being taken in his or her 'presence.' " In addition, the evidence at Jones' trial clearly supported the jury's conclusion that he had taken property from the "person" of his victims. One victim's wallet was taken from his person; the other victim's jewelry was taken from his person.

In short, Jones cannot, as a matter of law, successfully pursue this motion to correct an illegal sentence, because his sentence does not qualify as illegal. His motion raised no substantial issues of fact or law necessitating appointment of counsel or a hearing.

Affirmed.

LOCKETT, J., Retired, assigned.