No. 97,119

STATE OF KANSAS, *Appellee*, v. GLENN A. HEATH, JR., *Appellant*.

(179 P.3d 403)

 Opinion filed
March 28, 2008. 

*Michael S. Holland II*, of Holland and Holland, of Russell, argued the cause, and *Michael S. Holland*, of the same firm, was with him on the brief for appellant.

*Robert D. Hecht*, district attorney, argued the cause, and *Jamie L. Karasek*, assistant district attorney, and *Paul J. Morrison*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: Glenn A. Heath, Jr., was convicted in 1996 of felony murder and abuse of a child. After allocution, the district court imposed a mandatory life sentence for the felony murder and 68 months' imprisonment for the child abuse conviction, to run consecutively. This court subsequently reversed Heath's conviction for abuse of a child because of multiplicity and vacated his sentence for that conviction. At the same time, without remanding for resentencing, we affirmed his conviction and sentence for felony murder. *State v. Heath*, 264 Kan. 557, 571-72, 591, 957 P.2d 449 (1998). Heath filed a motion to correct an illegal sentence, claiming he was denied his right to allocution for his sentence on felony murder. His motion was summarily denied; he appeals and we affirm.

Highly summarized, the facts are that Heath filed his 2006 motion to correct an illegal sentence pursuant to K.S.A. 22-3504, claiming that he was never formally resentenced following the issuance of the mandate from this court's 1998 decision relating to

his direct appeal. Thus, according to his argument before the district court and now on appeal, he was denied his right to allocution for his current mandatory life sentence. The district court summarily denied his motion. He appeals and this court has jurisdiction pursuant to K.S.A. 22-3601(b)(1). See *State v. Thomas*, 239 Kan. 457, Syl. ¶ 2, 720 P.2d 1059 (1986) (jurisdiction over an appeal of a motion to correct an illegal sentence lies with the court that had jurisdiction to hear the original appeal).

*Standard of Review*

The question of whether a sentence is illegal raises an issue of law, reviewable de novo by an appellate court. *State v. Jones*, 279 Kan. 809, 810, 112 P.3d 123 (2005). An illegal sentence under the provisions of K.S.A. 22-3504 is a sentence "imposed by a court without jurisdiction; one that does not conform to the statutory provisions, either in the character or the term of the punishment authorized; or one that is ambiguous with respect to the time and manner in which it is to be served. [Citations omitted.]" *Jones*, 279 Kan. at 810.

Heath does not assert that the district court lacked jurisdiction to impose his sentence. The sentence imposed for his felony murder, a mandatory life sentence, conforms to the statutory provisions. See K.S.A. 21-4706. His life sentence is not ambiguous as to the time or manner that it is to be served and, thus, his sentence is not illegal within the meaning of K.S.A. 22-3504.

Finally, this court has previously determined that a denial of allocution does not render an imposed sentence illegal within the meaning of K.S.A. 22-3504. In *State v. Mebane*, 278 Kan. 131, Syl. ¶ 1, 91 P.3d 1175 (2004), this court explained that "[t]he district court's failure to comply with the statutory allocution requirements does not make a defendant's sentence illegal." In *Mebane*, the court acknowledged that the defendant was deprived of his right to allocution because the district court failed to allow him to present evidence in mitigation of punishment. 278 Kan. at 134. Nevertheless, this court found that this failure by the district court to allow allocution "does not mean that Mebane's sentence 'does not conform to the statutory provision, either in the character or the term

of the punishment authorized.' " 278 Kan. at 134-35. Heath's argument that a failure of allocution renders his sentence illegal fails.

We conclude that the district court correctly determined that Heath's motion to correct an illegal sentence contained no substantial issues of fact or law, and the court's summary denial of that motion was proper.

Affirmed.

ROSEN, J., not participating.

LEBEN, J., assigned.