No. 99,665

STATE OF KANSAS, *Appellee*, v. MITCHELL D. DAVIS, *Appellant*.

(200 P.3d 443)

Opinion filed January 30, 2009.

*Sarah Morrison*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Julie A. Koon*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Stephen N. Six*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: Mitchell Davis appeals from the district court's summary denial of his motion to correct an illegal sentence under K.S.A. 22-3504, claiming that the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 *et seq.*, shortened his parole eligibility date for offenses he committed in January 1992. Thus, he claims that his sentence does not conform to the governing statutory provisions. We conclude that the KSGA, which was enacted in 1993, has no application to Davis' 1992 sentence and affirm.

## Facts

Mitchell Davis was convicted in May 1992 of attempted first-degree murder, aggravated burglary, aggravated robbery, aggravated battery, and two counts of unlawful possession of a firearm. He was sentenced to a term of 40 years to life in prison. This court affirmed his convictions and sentence. *State v. Davis*, 255 Kan. 357, 874 P.2d 1156 (1994).

In July 2007, Davis filed a motion to correct an illegal sentence, claiming that he was eligible for an earlier parole date based upon amendments to the statute under which he was sentenced—in particular, by the enactment of the KSGA in 1993. Davis claimed that his current sentence—40 years to life, with parole eligibility in 20 years—was illegal and did not conform to the governing statutory provisions because a person sentenced for the same offenses today would receive a different sentence, with earlier parole eligibility, under the KSGA.

The district court denied his motion, ruling that the defendant's sentence was not illegal and that the statute in effect at the time of the defendant's original sentencing, K.S.A. 22-3725, governs his parole eligibility date.

Davis filed a timely appeal. Because the maximum term for Davis' sentence is life imprisonment, this court has original appellate jurisdiction under K.S.A. 22-3601(b)(1). See *State v. Thomas*, 239 Kan. 457, Syl. ¶ 2, 720 P.2d 1059 (1986) (jurisdiction over appeal of motion to correct an illegal sentence lies with court that had jurisdiction to hear original appeal).

## Standard of Review

The question of whether a sentence is illegal under K.S.A. 22-3504 raises an issue of law over which this court has unlimited review. *State v. Jones*, 279 Kan. 809, 810, 112 P.3d 123 (2005).

## Discussion and Analysis

An illegal sentence, as contemplated by K.S.A. 22-3504, is a sentence "imposed by a court without jurisdiction; one that does not conform to the statutory provisions, either in the character or the term of the punishment authorized; or one that is ambiguous with

respect to the time and manner in which it is to be served. [Citations omitted.]" *Jones*, 279 Kan. at 810. This court has repeatedly held that relief under K.S.A. 22-3504(1) should be granted only in these very limited circumstances. See *State v. Edwards*, 281 Kan. 1334, 1336, 135 P.3d 1251 (2006).

Davis committed the offenses that led to his convictions in January 1992—before the adoption of the KSGA. See K.S.A. 21-4704 (setting forth the sentencing grid for nondrug crimes committed on or after July 1, 1993). K.S.A. 22-3725(a) allocates good time credits for pre-KSGA crimes "[e]xcept as otherwise provided for crimes committed by inmates on or after July 1, 1993, for the purpose of determining an inmate's eligibility for parole or conditional release, regardless of when the inmate was sentenced or committed the crime for which sentenced." The table in K.S.A. 22-3725 shows that a person who has received a 40-year minimum sentence is parole eligible in 20 years. This period has not changed since Davis was convicted in 1992. Compare K.S.A. 22-3725 (current statute) with K.S.A. 1991 Supp. 22-3725 (statute in effect when Davis committed the underlying offenses). His current sentence conforms to these provisions.

Nevertheless, Davis bases his claim of illegality on K.S.A. 1991 Supp. 22-3717(n), which provides that "[a]n inmate shall be eligible for parole on the date provided by statute at the time the inmate committed the crime for which imprisoned unless subsequent amendment of the statute provides an earlier parole eligibility date." According to Davis' argument, parole eligibility should be determined by the KSGA (which was adopted after his conviction), not K.S.A. 22-3725. Davis provides no support for this argument other than the text of K.S.A. 1991 Supp. 22-3717(n).

K.S.A. 1991 Supp. 22-3717(n) provides that an inmate shall be eligible for parole on the date provided by statute at the time the inmate committed the crime for which imprisoned unless subsequent amendment of the statute provides an earlier parole eligibility date. Contrary to Davis' arguments, the references in K.S.A. 1991 Supp. 22-3717(n) to "the statute" relate to an inmate's parole eligibility under K.S.A. 22-3725, not the length of an inmate's sentence under K.S.A. 21-4704 (the current nondrug grid under the

KSGA). The plain language of K.S.A. 21-4704(a) indicates that this statute, as part of the KSGA, applies "in felony cases for crimes committed *on or after July 1, 1993.*" (Emphasis added.) Davis' crimes were committed a year and a half before July 1, 1993. His argument that the KSGA altered his parole eligibility date is without merit. The district court correctly determined that his sentence is not illegal and denied his motion under K.S.A. 22-3504.

Affirmed.

McFARLAND, C.J., not participating.

MARQUARDT, J., assigned.