MODIFIED OPINION[1]

NOT DESIGNATED FOR PUBLICATION

No. 118,967

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

MICHAEL MCCLOUD,
*Appellee*.


MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS KELLY RYAN, judge. Opinion filed December 7, 2018; modified opinion filed January 3, 2019. Sentence vacated and case remanded with directions.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellant.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellee.

Before MALONE, P.J., PIERRON, J., and BURGESS, S.J.

PER CURIAM: The State appeals from the 2018 resentencing of Michael McCloud, who was originally sentenced in 1992, arguing that the district court lacked jurisdiction to grant McCloud's motion for resentencing. We agree with the State that the district court

---

[1] **REPORTER'S NOTE:** Opinion No. 118,967 was modified by the Court of Appeals on December 27, 2018, after the Appellant's Motion for Rehearing or Modification was granted on January 2, 2019. Modified language is at slip op. at 8.

lacked jurisdiction to resentence McCloud, so we vacate the 2018 sentence and remand with directions for the district court to reinstate McCloud's prior sentence.

FACTUAL AND PROCEDURAL BACKGROUND

We will summarize the 26-year procedural history of McCloud's case. On February 13, 1992, a jury convicted McCloud of 12 counts of aggravated robbery. On April 13, 1992, the district court sentenced McCloud to consecutive terms of 15 years to life in prison for each count, for a controlling sentence of 180 years to life in prison. McCloud filed a "motion for modification of sentence" through counsel on July 21, 1992, and he filed a pro se "motion for sentence modification" on August 3, 1992.

The district court held a hearing on the motions on August 7, 1992, at which McCloud was represented by counsel but did not appear in person. After hearing arguments of counsel, the district court modified McCloud's sentence to a minimum term of 8 years and a maximum term of life imprisonment for each of the 12 counts, with the sentences to run consecutively. This resulted in a controlling sentence of 96 years to life in prison, which we will refer to as the "first modified sentence."

McCloud then filed a direct appeal of his convictions and sentence, arguing that the first modified sentence constituted cruel or unusual punishment in violation of § 9 of the Kansas Constitution Bill of Rights. On February 28, 1995, the Kansas Supreme Court affirmed McCloud's convictions and the first modified sentence. See *State v. McCloud*, 257 Kan. 1, 891 P.2d 324, *cert. denied* 516 U.S. 837 (1995).

After his direct appeal, McCloud filed a second motion to modify his sentence, and the district court held a hearing on the motion on June 14, 1995. Although the journal entry of the hearing showed that McCloud appeared at the hearing in person and through his attorney, the State agrees that McCloud was not personally present at the hearing. The

2

district court heard argument and, in a journal entry filed on January 16, 1996, modified McCloud's sentence to 5 years to life in prison on 10 counts, to run consecutively, for a controlling sentence of 50 years to life in prison, which we will refer to as the "second modified sentence." The record on appeal contains no transcript of the June 14, 1995 hearing, and the journal entry does not explain why the second modified sentence only included sentences for 10 counts, rather than 12.

McCloud appealed the second modified sentence. After ordering the parties to show cause why the second modified sentence should not be summarily vacated, the Kansas Supreme Court issued an order on May 23, 1996, summarily reversing and vacating the second modified sentence. The order stated: "[T]his matter is remanded to the district court with directions to dismiss [McCloud's] motion for lack of jurisdiction pursuant to Kansas Supreme Court Rule 7.041 ([1995] Kan. Ct. R. Annot. 41) and *State v. Smith*, 254 Kan. 16, 864 P.2d 1208 (1993)."

On June 19, 1996, without holding any hearing, the district court issued an order stating: "Pursuant to the direction of the Supreme Court of the State of Kansas, the defendant's motion to modify his sentence is hereby dismissed for lack of jurisdiction." This order resulted in the reinstatement of McCloud's first modified sentence of 96 years to life in prison.

Over 21 years later, on October 2, 2017, McCloud, through counsel, filed a "motion for resentencing" on the grounds that he had not been personally present at either the hearing on August 7, 1992, or the hearing on June 14, 1995. McCloud contended that his absence at the hearings violated his constitutional right to be present when the district court modified his sentences, and the violation of this right required resentencing. On October 23, 2017, McCloud filed a pro se "Amended Motion to Correct Illegal Sentence Pursuant to K.S.A. 22-3504." In the motion, McCloud noted his statutory right to be present at the imposition of sentence under K.S.A. 22-3405(1), and he argued that his

sentence was illegal because he "was not present when the current sentences were imposed and did not waive his right to be present."

On November 15, 2017, the district court held a hearing at which McCloud was personally present and was represented by counsel. At the hearing, McCloud reasserted his arguments that his statutory and constitutional rights were violated when his prior sentences were modified outside his presence. He also contended that there should have been a hearing in 1996—at which he also would have had the right to be present—before the district court followed the mandate of the Kansas Supreme Court and dismissed his motion to modify sentence for lack of jurisdiction. After hearing argument, the district court continued the matter to allow the parties time to file additional briefs.

On December 20, 2017, the district court held another hearing on the motions. At this hearing, McCloud again argued that after the Kansas Supreme Court vacated the second modified sentence, McCloud had a constitutional right to be present when the district court reinstated his first modified sentence because this action resulted in an increase of his sentence from 50 years to life in prison, to 96 years to life in prison. The district court agreed with this argument and ordered a new sentencing hearing at which McCloud would be present. The district court stated:

> "I will find that that—or these particular circumstances here warrant a rehearing, a new sentencing hearing, for Mr. McCloud for him to be present at which would be in lieu of the order entered here in the District Court on June 1[9], 1996, which followed the Supreme Court's mandate and dismissed Mr. McCloud's motion to modify sentence.
> "I'll find that that—these circumstances and the manner in which this has come back here in 2017 is such that Mr. McCloud's sentence is being increased back to the original modified sentence of 1992 and that he should be present for that hearing."

On February 16, 2018, the district court held a resentencing hearing at which McCloud appeared in person and was represented by counsel. At the hearing, the district

4

court considered what McCloud's punishment for the same crimes would have been if he committed them under the current sentencing guidelines, noting that the controlling sentence likely would have been 118 months' imprisonment. The district court then sentenced McCloud to 5 to 15 years in prison on each count, to run concurrently. Given credit for time already served, McCloud was eligible to be released from custody. The State timely appealed McCloud's 2018 sentence. The State's docketing statement advises that McCloud is no longer incarcerated or subject to appeal bond.

## ANALYSIS

On appeal, the State claims the district court "did not have the authority to re-modify McCloud's pre-1993 sentence." The State argues, contrary to the district court's finding, that McCloud had no right to be present when his motion to modify was dismissed for lack of jurisdiction in 1996. The State asserts that the district court needed to abide by the Kansas Supreme Court's summary reversal of McCloud's second modified sentence. As a result, the State contends the district court lacked jurisdiction to modify McCloud's sentence, rendering the sentence imposed in 2018 an illegal sentence.

McCloud argues that because he was erroneously sentenced in absentia, the district court properly granted him a new sentencing hearing and imposed a new sentence. In the alternative, McCloud argues that *State v. Smith* was wrongly decided, so the district court properly modified his sentence.

An appellate court exercises unlimited review over jurisdictional issues and statutory interpretation. *State v. Marinelli*, 307 Kan. 768, 774, 415 P.3d 405 (2018). Moreover, whether a sentence is illegal is a question of law that this court reviews de novo. *State v. Campbell*, 307 Kan. 130, 133, 407 P.3d 240 (2017).

5

A district court lacks jurisdiction to resentence a defendant or otherwise modify his or her sentence absent specific authority to do so. See *State v. Warren*, 307 Kan. 609, 612-13, 412 P.3d 993 (2018) (citing *State v. Guder*, 293 Kan. 763, 766, 267 P.3d 751 [2012]). Here, the record does not clarify the district court's purported authority to resentence McCloud in 2018. The motion filed by McCloud's counsel on October 2, 2017, was entitled "motion for resentencing," and it requested resentencing without identifying any legal authority under which the district court could resentence McCloud. But McCloud's pro se motion explicitly sought relief under K.S.A. 22-3504, which provides that the court may correct an illegal sentence at any time. In the journal entry memorializing the resentencing hearing, the district court identified McCloud's motion as a motion for a new sentencing hearing brought "pursuant to K.S.A. 1991 Supp. 21-4603." In any event, for the reasons stated below, we find that no matter how the motions are construed, the district court lacked jurisdiction to resentence McCloud in 2018.

*If the motions are considered under K.S.A. 1991 Supp. 21-4603*

At the time McCloud committed his crimes and was sentenced, K.S.A. 1991 Supp. 21-4603(4) provided, in relevant part:

> "(a) Except when an appeal is taken and determined adversely to the defendant as provided in subsection (4)(b), at any time within 120 days after a sentence is imposed . . . the court may modify such sentence . . . .
>
> "(b) If an appeal is taken and determined adversely to the defendant, such sentence may be modified within 120 days after the receipt by the clerk of the district court of the mandate from the supreme court or court of appeals."

K.S.A. 21-4603 was repealed in 2010, but the same substantive language is now codified at K.S.A. 2017 Supp. 21-6702(d)(1), and applies "to crimes committed before July 1, 1993." See K.S.A. 2017 Supp. 21-6702(j). In *Smith*, the Kansas Supreme Court held that K.S.A. 1992 Supp. 21-4603(4), which contained identical language to K.S.A.

1991 Supp. 21-4603(4), gave a district court jurisdiction to modify a sentence only (1) within 120 days of the original imposition of sentence, or (2) within 120 days of the district court clerk's receipt of the mandate affirming the underlying conviction, if an initial denial of a pre-appeal motion to modify sentence was not an issue in the appeal of the conviction itself. 254 Kan. at 19-20.

McCloud was originally sentenced on April 13, 1992; thus, his initial motion for modification of sentence, filed on July 21, 1992, was timely under K.S.A. 1991 Supp. 21-4603(4). The district court partially granted McCloud's motion and imposed the first modified sentence on August 7, 1992. McCloud then pursued a direct appeal of his convictions and sentence, in which he argued that his first modified sentence "is so excessive and disproportionate to his crimes that it constitutes cruel or unusual punishment in violation of § 9 of the Kansas Constitution Bill of Rights." *McCloud*, 257 Kan. at 3. McCloud did not argue that his statutory or constitutional rights were violated because he did not appear in person at the modification hearing on August 7, 1992. Ultimately, the Kansas Supreme Court affirmed McCloud's convictions and the first modified sentence. 257 Kan. at 6.

Later in 1995, after his direct appeal, McCloud filed a second motion for modification, which was also granted in part, leading to the second modified sentence. But on appeal by McCloud, the Kansas Supreme Court held that the district court lacked jurisdiction to consider that motion. The holding in *Smith* controlled:  The district court had granted McCloud's timely pre-appeal motion to modify in 1992 and McCloud appealed that modified sentence as part of his direct appeal. The direct appeal, including the sentencing issues, was decided adversely to McCloud. Thus, under *Smith*, the district court lacked jurisdiction to hear his 1995 motion to modify because McCloud had already used his sole opportunity to file a motion to modify his sentence.

In 1997, the Kansas Supreme Court further explained the parameters of jurisdiction granted by K.S.A. 21-4603:

"*Smith* and [*State v. Waterbury*, 258 Kan. 614, 907 P.2d 858 (1995),] place limitations on the right to file a motion to modify if the defendant has previously appealed the denial of a motion to modify. In *Waterbury*, [the Kansas Supreme Court] stated: 'We hold that the logical interpretation of K.S.A. 1994 Supp. 21-4603 is that a defendant is allowed one appeal from a sentence modification motion and once that appeal is decided, the courts do not have jurisdiction to hear a second motion to modify a sentence.' 258 Kan. at 620." *State v. Harris*, 262 Kan. 778, 780, 942 P.2d 31 (1997).

In his appellate brief, McCloud argues that *Smith* was wrongly decided because the plain language of K.S.A. 1991 Supp. 21-4603(4) does not restrict a defendant to a single motion to modify a sentence. McCloud asks this court to reject the Kansas Supreme Court's interpretation of K.S.A. 21-4603 in *Smith*, *Waterbury*, and *Harris*, in favor of the "plain language" method of statutory interpretation emphasized by the current makeup of the Supreme Court. McCloud did not make this argument in district court, but he raises the argument on appeal as an alternative ground for this court to uphold the district court's judgment.

We decline McCloud's invitation to revisit the Kansas Supreme Court's rulings in *Smith*, *Waterbury*, and *Harris*. The Court of Appeals is duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). We have no indication that our Supreme Court would overrule its prior holdings in *Smith*, *Waterbury*, and *Harris*, especially since these cases interpret sentencing statutes for crimes committed before July 1, 1993, and the cases have no impact on the application of the revised Kansas Sentencing Guidelines Act for crimes committed after July 1, 1993.

8

To sum up this issue, the district court lacked jurisdiction over McCloud's 2017 motions to modify his sentence for the same reason the district court lacked jurisdiction to consider McCloud's second motion to modify his sentence in 1995—McCloud has previously used his single statutorily provided opportunity to file a motion to modify his sentence. Thus, if the motions filed in 2017 are construed as being brought under K.S.A. 1991 Supp. 21-4603(4) or its current counterpart, K.S.A. 2017 Supp. 21-6702, the district court lacked jurisdiction to consider them.

*If the motions are considered under K.S.A. 2017 Supp. 22-3504*

As explained above, it also appears that the district court may have construed McCloud's "motion for resentencing" as a motion to correct illegal sentence. In addition, McCloud's pro se motion was entitled "Amended Motion to Correct Illegal Sentence Pursuant to K.S.A. 22-3504." A motion to correct illegal sentence is not subject to the same rules as a motion to modify sentence under K.S.A. 1991 Supp. 21-4603 or K.S.A. 2017 Supp. 21-6702. Instead, "[t]he court may correct an illegal sentence at any time." K.S.A. 2017 Supp. 22-3504(1).

McCloud argues that the district court violated his constitutional, statutory, and common-law rights to be present at sentencing, and he defines "sentencing" to include the hearings at which his sentence was modified and also the time when the district court dismissed his second motion to modify for lack of jurisdiction pursuant to the Supreme Court mandate. The State points out in its brief that in *State v. Jennings*, 240 Kan. 377, Syl. ¶ 1, 729 P.2d 454 (1986), the Kansas Supreme Court held that under K.S.A. 1985 Supp. 21-4603(3), "a defendant has no right to a hearing on a motion to modify sentence *or to be present at consideration of that motion*." (Emphasis added.) McCloud tries to distinguish *Jennings* by pointing out that the defendant's sentence in that case was not actually modified. In any event, we need not decide whether McCloud had a right to be

9

present at his prior sentencing modification hearings because even if such a right was violated, it does not make his sentence illegal under K.S.A. 2017 Supp. 22-3504.

As for McCloud's constitutional arguments, the Kansas Supreme Court has steadfastly held that "'the definition of an illegal sentence does not include a claim that the sentence violates a constitutional provision [and] a defendant may not file a motion to correct an illegal sentence based on constitutional challenges to his or her sentence.'" *State v. Dickey*, 305 Kan. 217, 220, 380 P.3d 230 (2016) (quoting *State v. Moncla*, 301 Kan. 549, 553-54, 343 P.3d 1161 [2015]); see also *State v. Albright*, 307 Kan. 365, 368, 409 P.3d 34 (2018) (holding that definition of illegal sentence does not include a claim that a sentence violates a constitutional provision).

As for McCloud's statutory arguments, even if we assume that McCloud had a statutory right to be present at the hearing on August 7, 1992, when the district court imposed the first modified sentence, this violation did not render the sentence illegal under K.S.A. 2017 Supp. 22-3504. Under this statute, an illegal sentence is defined as a sentence "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." K.S.A. 2017 Supp. 22-3504(3).

McCloud's absence did not deprive the district court of jurisdiction to hold the hearing. Likewise, where there has been a statutory violation that does not affect the "character or punishment" of the sentence, the sentence is not illegal under K.S.A. 2017 Supp. 22-3504. See *State v. Heath*, 285 Kan. 1018, 1019-20, 179 P.3d 403 (2008) (holding that a district court's failure to comply with statutory allocution requirements did not render a sentence illegal). And McCloud makes no claim that his first modified sentence is ambiguous with respect to the time and manner in which it is to be served, rendering the sentence illegal under K.S.A. 2017 Supp. 22-3504. For all the same

reasons, McCloud's claim that his sentence violated his common-law right to be present at the hearing does not render the sentence illegal under K.S.A. 2017 Supp. 22-3504.

In sum, although a violation of the defendant's right to be present at sentencing may be grounds for reversal and resentencing if brought in a direct appeal from the sentence, such a violation does not render the sentence "illegal" under K.S.A. 2017 Supp. 22-3504. In McCloud's case, when he appealed his first modified sentence and failed to challenge the fact that he was not present at the hearing on the motion, he waived that issue as a ground for reversal of his first modified sentence. So even if McCloud's motions are considered under K.S.A. 2017 Supp. 22-3504, that statute did not authorize the district court to resentence McCloud in 2018.

*If the motions are considered under K.S.A. 2017 Supp. 60-1507*

The district court also could have construed McCloud's motions as motions for collateral attack under K.S.A. 2017 Supp. 60-1507. "Pro se pleadings are liberally construed to give effect to the pleading's content rather than the labels and forms used to articulate the defendant's arguments." *State v. Parks*, 308 Kan. 39, 42, 417 P.3d 1070 (2018). McCloud's motion challenges his sentence as being imposed in violation of his constitutional and statutory right to be present at sentencing. This argument may, under some circumstances, be brought under K.S.A. 2017 Supp. 60-1507.

But a K.S.A. 60-1507 motion generally must be filed within one year of the "final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction." K.S.A. 2017 Supp. 60-1507(f)(1)(A). The Legislature enacted this one-year deadline in 2003. See L. 2003, ch. 65, § 1. The deadline "may be extended by the court only to prevent a manifest injustice." K.S.A. 2017 Supp. 60-1507(f)(2). If a defendant files a K.S.A. 60-1507 motion outside the one-year period

and makes no argument regarding manifest injustice, his or her motion is procedurally barred. See *State v. Trotter*, 296 Kan. 898, 904-05, 295 P.3d 1039 (2013).

Here, the final order of the last appellate court to exercise jurisdiction over McCloud's direct appeal occurred in 1995. See *McCloud*, 257 Kan. 1. Inmates who had claims preexisting the 2003 statutory amendment to K.S.A. 60-1507 had until June 30, 2004, to file a motion. See *Pabst v. State*, 287 Kan. 1, 22, 192 P.3d 630 (2008). As McCloud's claims preexisted the 2003 amendments, he had until June 30, 2004, to file any K.S.A. 60-1507 motion. McCloud's present motions were filed in 2017, more than 10 years after the deadline, and are thus untimely. McCloud has not argued any circumstances that justify extension of the deadline to prevent a manifest injustice. Thus, to the extent that McCloud's motions could have been construed as K.S.A. 60-1507 motions, they were untimely and procedurally barred. As a result, K.S.A. 2017 Supp. 60-1507 did not authorize the district court to resentence McCloud in 2018.

*Conclusion*

In order to resentence McCloud in 2018, the district court needed jurisdiction to do so. For the reasons stated above, whether the motions that led to the present appeal are construed as motions to modify a sentence, motions to correct an illegal sentence, or motions for relief under K.S.A. 2017 Supp. 60-1507, the district court lacked jurisdiction to resentence McCloud in 2018. Thus, we vacate McCloud's 2018 sentence and remand with directions for the district court to reinstate the first modified sentence of 96 years to life imposed by the district court on August 7, 1992.

Sentence vacated and case remanded with directions.