NOT DESIGNATED FOR PUBLICATION

Nos. 121,218
121,259

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ERIC W. HARBACEK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed April 17, 2020. Affirmed.

*Shannon S. Crane*, of Hutchinson, for appellant.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., HILL and STANDRIDGE, JJ.

PER CURIAM: Eric W. Harbacek filed motions to correct an illegal sentence in two cases, arguing that his sentences in these cases were improperly aggregated by the Kansas Department of Corrections (KDOC), which effectively doubled his sentence and negatively affected his conditional release date. The district court summarily denied the motions as successive, and Harbacek now appeals. We affirm but for reasons different than those cited by the district court.

1

FACTUAL AND PROCEDURAL BACKGROUND

In January 1991, a jury found Harbacek guilty of aggravated burglary and misdemeanor battery in case No. 90 CR 251. The district court sentenced Harbacek to an indefinite term of 5 to 20 years in prison for the aggravated burglary conviction and a concurrent 6-month jail sentence for the misdemeanor battery conviction.

In September 1991, Harbacek pled guilty to single counts of aggravated burglary, aggravated assault of a law enforcement officer, and aggravated assault in case No. 91 CR 268. The district court sentenced Harbacek to indeterminate terms of 5 to 20 years in prison for the aggravated burglary and aggravated assault of a law enforcement officer convictions and 3 to 10 years in prison for the aggravated assault conviction. The court imposed the sentences consecutively, for a controlling indeterminate sentence of 13 to 50 years in prison. The district court later modified the sentences to run concurrently, rather than consecutively, for a controlling indeterminate prison sentence of 5 to 20 years. The court ordered the sentence to be served consecutive to Harbacek's sentence in case No. 90 CR 251, for a controlling prison sentence of 10 to 40 years.

In the years since, Harbacek has continued to file numerous pro se motions with the district court in both cases, including a motion for modification of his sentence, motions for conversion of his sentence, a motion for habeas corpus relief under K.S.A. 60-1507, and motions to correct an illegal sentence.

Relevant to this appeal, in November 2018, Harbacek filed pro se motions to correct an illegal sentence in each case, arguing that the KDOC had improperly aggregated his sentences, which effectively doubled his sentence and negatively affected his conditional release date. The district court summarily denied the motions on grounds that they were successive. The district court denied Harbacek's motions to reconsider. Harbacek appeals.

LEGAL ANALYSIS

Harbacek argues that the district court erred in summarily denying his motions to correct an illegal sentence. He claims that the motions raised substantial issues of law or fact that entitled him to a hearing on the merits.

A district court has the duty to examine a motion to correct an illegal sentence to determine if it raises substantial issues of law or fact. If the district court determines based on the motion, files, and records of the case that the defendant is not entitled to relief, the motion may be summarily denied without a hearing or appointment of counsel. K.S.A. 2019 Supp. 22-3504(a); *State v. Moncla*, 301 Kan. 549, 551, 343 P.3d 1161 (2015). On appeal, we exercise unlimited review over the district court's decision of whether to hold an evidentiary hearing on a motion to correct an illegal sentence and whether a sentence is, in fact, illegal. See *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016); *State v. Howard*, 287 Kan. 686, 690-91, 198 P.3d 146 (2008).

An illegal sentence under K.S.A. 2019 Supp. 22-3504 may be corrected at any time, but the circumstances under which a sentence is deemed illegal are "narrowly and specifically defined." *State v. Swafford*, 306 Kan. 537, 540-41, 394 P.3d 1188 (2017); see K.S.A. 2019 Supp. 22-3504(a). An illegal sentence is one that is "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." K.S.A. 2019 Supp. 22-3504(c)(1). Relief under K.S.A. 2019 Supp. 22-3504 should be granted only in these very limited circumstances. *State v. Davis*, 288 Kan. 153, 155, 200 P.3d 443 (2009). Harbacek alleged in his motions that his sentence is illegal because the KDOC "aggregated the terms and made the sentence 10 to 40 years, doubling the term authorized and altering the character, which now does not conform to Statutory Provisions." But the KDOC's interpretation of

3

Harbacek's sentence does not amount to an illegal sentence under the provisions of K.S.A. 2019 Supp. 22-3504(c)(1).

We recognize that Harbacek's motions were filed pro se, and pro se motions are liberally construed. See *Bruner v. State*, 277 Kan. 603, 605, 88 P.3d 214 (2004). But no matter how we construe Harbacek's motions, he is not entitled to relief.

The State suggests that we treat Harbacek's motions as if they were filed under K.S.A. 2019 Supp. 60-1507. An appellate court may construe an improper motion to correct an illegal sentence as a K.S.A. 60-1507 motion. See, e.g., *State v. Swisher*, 281 Kan. 447, 449, 132 P.3d 1274 (2006); *State v. Barnes*, 37 Kan. App. 2d 136, 138, 149 P.3d 543 (2007). But a K.S.A. 60-1507 motion is not the proper vehicle for Harbacek's claims. K.S.A. 2019 Supp. 60-1507 allows a prisoner to challenge the propriety of his or her conviction or sentence. "Challenges to the mode or condition of confinement, including administrative actions of the correctional institution—like calculating the end date for indeterminate sentences that are aggregated—should be brought under K.S.A. 60-1501." *Holloway v. State*, No. 100,907, 2009 WL 2436689, at *2 (Kan. App. 2009) (unpublished opinion); see *Safarik v. Bruce*, 20 Kan. App. 2d 61, 67, 883 P.2d 1211 (1994) ("[A K.S.A. 60-]1501 petition is a procedural means through which a prisoner may challenge the mode or conditions of his or her confinement, including administrative actions of the penal institution."). But even if we were to review Harbacek's motions under K.S.A. 2019 Supp. 60-1507, his claims would be untimely and successive. See K.S.A. 2019 Supp. 60-1507(f)(1) (setting forth one-year time limitation for bringing an action under K.S.A. 60-1507); K.S.A. 2019 Supp. 60-1507(c) ("The sentencing court shall not be required to entertain a second or successive motion for relief on behalf of the same prisoner.").

As noted, K.S.A. 2019 Supp. 60-1501 is the appropriate vehicle for a claim that the KDOC has improperly aggregated a prisoner's sentence. *Woodberry v. State*, 33 Kan.

App. 2d 171, 173, 101 P.3d 727 (2004); *McKinney v. State*, 27 Kan. App. 2d 803, 803, 9 P.3d 600 (2000). But Harbacek's claims cannot be advanced under K.S.A. 2019 Supp. 60-1501 because they are procedurally barred. A K.S.A. 60-1501 petition must be filed in the county where the prisoner is incarcerated. K.S.A. 2019 Supp. 60-1501(a). Harbacek's motions were filed in Reno County, where he was convicted and sentenced. And the motions suggest at the time Harbacek filed his motions, he was incarcerated in El Dorado, which is in Butler County. The filing of a K.S.A. 60-1501 petition in the wrong county is a basis for dismissal of the motion. See *Woodberry*, 33 Kan. App. 2d at 173-74 (declining to reach merits of claims regarding aggregation and conversion of sentence because motion was not filed in county of incarceration and previous K.S.A. 60-1501 petition on same issue had been denied); *McKinney*, 27 Kan. App. 2d at 803-04 (dismissing claim of improper sentence aggregation because argument challenging KDOC action should be filed in county of incarceration, not with sentencing court).

In addition to filing the pleading in the wrong county, it appears Harbacek also has failed to exhaust administrative remedies. Before filing a civil action naming the state of Kansas, the secretary of corrections, the warden, or other KDOC employees as the defendant, an inmate is required to exhaust administrative remedies through procedures established by the secretary of corrections. K.S.A. 75-52,138; *Sperry v. McKune*, 305 Kan. 469, Syl. ¶ 5, 384 P.3d 1003 (2016). Nothing in the record suggests that Harbacek has exhausted his administrative remedies. Absent proof that those remedies have been exhausted, we lack subject matter jurisdiction to consider Harbacek's claims. See *Dean v. State*, 250 Kan. 417, 427-28, 826 P.2d 1372 (1992); *Lynn v. Simmons*, 32 Kan. App. 2d 974, 978-79, 95 P.3d 99 (2003). And without evidence that administrative remedies have been pursued, we cannot evaluate the timeliness of Harbacek's motions. See K.S.A. 2019 Supp. 60-1501(b).

Finally, we note that even if we overlooked the procedural hurdles that Harbacek faces, he is not entitled to relief on the merits of his argument that his sentences for each

crime are distinct and should not be aggregated to determine his conditional release date. Our Supreme Court has held that although an inmate's sentences retain their individual identities for conversion purposes, an inmate is not entitled to have his or her sentences unaggregated to determine parole eligibility, conditional release dates, and time served on multiple sentences. *Anderson v. Bruce*, 274 Kan. 37, 50, 50 P.3d 1 (2002). We are duty bound to follow Kansas Supreme Court precedent, absent some indication the court is departing from its previous position. *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017). The Kansas Supreme Court has shown no indication that it is departing from its position in *Anderson*, and we are therefore bound by its precedent.

For the reasons stated above, the district court did not err in summarily denying Harbacek's motions to correct an illegal sentence. See *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015) (if district court reaches correct result, its decision will be upheld even though it relied on wrong ground or assigned erroneous reasons for its decision).

Affirmed.